RIGNEY a. TALLMADGE.

*Supreme Court, First District; General Term, February*, 1865.

EXECUTION.—JUDGMENT IN CREDITOR'S SUIT.

In a creditor's suit brought by the plaintiff on behalf of himself and others who
may come in, the plaintiff cannot, after judgment and the appointment of a
receiver to collect the debtor's assets and apply them to payment of the various
creditors, issue execution on the judgment. The receiver alone can enforce
the judgment.

Appeal from an order of the special term vacating an ex-
ecution issued by the plaintiff's attorney, and also a levy made
thereunder on certain real estate by the Sheriff of Albany
County.

The action was brought by Rigney, in behalf of himself and
all other creditors of certain alleged insolvent partnerships,
who should come in and contribute to the expenses of the suit,
to set aside a sale and assignment of property of the firm to
the respondent Tallmadge. The cause was tried at Special
Term before Justice Sutherland, and judgment rendered for
the plaintiff. Rigney's individual claim was only for $279.19,
for which he had previously obtained a judgment; but the
judgment in this action was for $20,586.77, as it involved the
claims of all the creditors of the partnerships, and appointed a
receiver to collect and disburse this amount *pro rata* among
these creditors. In addition, the judgment provided for the
payment to Rigney of his costs, amounting to $86.77.

Upon this judgment Rigney's attorney of record issued sev-
eral executions against Tallmadge's property, under which cer-
tain portions of real estate were sold by the sheriff, amounting
to $19,800, which he bought in himself. On May 23, 1864, he
issued another execution to the Sheriff of Albany County against
Tallmadge's property for $25,484.04—the whole amount of the
judgment—whereupon the sheriff levied upon and advertised
for sale certain real estate in his county. Tallmadge then
moved at Special Term, before Mr. Justice Barnard, to set

aside and vacate this last execution and levy for irregularity, which motion was granted. From the order granting the motion Rigney appealed.

*Wm. C. Hornfager,* for the appellant.—I. The execution was warranted by the judgment, and there was no other way in which it could be enforced. (Fassett *a.* Tallmadge, 14 *Abbotts' Pr. R.*, 188, *and notes.*

II. The plaintiff's attorney was the proper person to issue the execution, as he represented not only the plaintiff, but all those who came in and contributed to the expenses of the action.

III. The execution was regular in form. If any amounts had been previously collected, they could be applied in extinguishment of the debt; but the judgment on the record appeared to be wholly unsatisfied, and the order should be reversed.

*Elbridge T. Gerry,* for the respondent.—I. The judgment in this action specified the amount of assets to which Rigney was entitled, and did not confer on him or his attorney the right to enforce payment to him of any larger sum. (1.) The only power remaining in Rigney's attorney was to issue an execution on his original judgment for $279.19, its amount. (2.) There is no rule or principle by which a judgment-creditor for a trivial amount may, after judgment in his favor in a suit in equity to set aside a transfer of property of his judgment-debtor as fraudulent, worth over $20,000, issue an execution for the full value of the property, when his original claim is only a hundredth part of the amount. (3.) Besides, this suit was brought for the benefit of *all* the creditors, and Rigney could not, because nominally plaintiff, obtain a preference over others equally entitled with himself to share in the assets. (2 *Van Santo Eq. Pr.,* 129, 147, 158.) (4.) And further, the papers show previous speculations by Rigney's attorney in these assets to the amount of $19,800; nothing of which is credited on the judgment, but execution is issued as if the whole was unpaid.

II. As matter of law, the receiver appointed by the judgment alone could enforce it as the chosen officer of the court; and Rigney's attorney had nothing to do with it. (1.) The property of the judgment-debtor, no matter by whom held, was the property of the receiver, and as such not liable to levy and

sale under execution issued by an individual creditor. (Green a. Bostwick, 1 *Sandf. Ch. R.*, 185; Mann a. Pentz, 2 *Ib.*, 257; Storm a. Waddell, *Ib.*, 494, 505; Idding a. Bruen, 4 *Ib.*, 424; Albany City Bank a. Schermerhorn, 1 *Clarke Ch. R.*, 297; West a. Fraser, 5 *Sandf.* S. C. R., 653; Wilson a. Allen, 6 *Barb.*, 542; Porter a. Williams, 5 *Seld.*, 142.) (2.) The execution in question was an attempt to get money adjudged to be paid to the receiver into the hands of Rigney's attorney, in clear violation of the rule that such attorney must not be the attorney for the receiver. (Ryckman a. Parkins, 5 *Paige R.*, 543; Matter of Ainsley, 1 *Ed., Ch. R.*, 576; Ray a. Macomb, 2 *Ib.*, 165; Warren a. Sprague, 11 *Paige R.*, 200; S. C., 3 *Leg. Obs.*, 122; *Edwards on Receivers*, 110.)

III. The order should be affirmed, with costs.

CLERKE, J.—The issuing of the execution was inconsistent with the whole tenor of the judgment. The receiver acquired title to all the property conveyed to Tallmadge; he alone can enforce the judgment.

The order should be affirmed, with costs.

INGRAHAM, P. J.—I concur, on the ground that execution should not have been issued by the plaintiff for his use, and that the receiver should have applied to the court for leave to issue execution.

---

## THE TROY CITY BANK a. BOWMAN.

*Supreme Court, First District; General Term, February,* 1865.

COMPLAINT ON FORECLOSURE OF COLLATERAL MORTGAGE.—UNCERTAINTY IN BOND.

In an action brought to foreclose a mortgage, given to secure a bond made by one of the mortgagors and his partner, to secure the payment of certain notes, which notes were held by the mortgagees as collateral security for an indebtedness past due, it is not necessary that the complaint should allege that the notes held as collateral security had become due. A failure to comply with the condition of the bond makes out a sufficient cause of action.