GEORGE McM. GODLEY, as Executor, etc., of ELIZABETH McM. GODLEY, Respondent, v. CRANDALL & GODLEY COMPANY and Others, Appellants.

First Department, December 31, 1917.

Corporation — representative action by stockholder — pleading — failure to allege or prove demand that directors bring action — failure to establish illegality of payments made by directors — employment of counsel to contest receivership — executors of deceased director not liable for subsequent acts of directors — director who did not participate in wrongful expenditures not liable.

A stockholder cannot maintain a representative action in behalf of his corporation against directors to recover moneys of the corporation alleged to have been illegally disbursed in the absence of allegation and proof that the plaintiff, before commencing the action, either requested the directors to sue in the name of the corporation and had met with a refusal, or that for any reason it would have been futile to make such demand.

*It seems*, that directors of a corporation cannot be charged with moneys paid to counsel in resisting the appointment of a receiver of the corporation where it appears that the Court of Appeals materially restricted the scope of the receivership and the amount paid was reasonable.

*It seems*, that it was error to charge the executor of a deceased director of the corporation with expenditures made by other directors after the testator's death.

*It seems*, that a director who did no wrongful act and did not participate in making alleged illegal payments cannot be charged with liability merely because he was a director at the time.

APPEAL by the defendants, Crandall & Godley Company and others, from a judgment of the Supreme Court in favor of the plaintiff's testatrix, entered in the office of the clerk of the county of New York on the 31st day of August, 1916, upon the decision of the court after a trial at the New York Special Term.

*James J. Allen* of counsel [*Edgar T. Brackett, William E. Bennett* and *Hiram C. Todd* with him on the brief], for the appellants.

*W. Russell Osborn* of counsel [*David Bennett King* with him on the brief], for the respondent.

SCOTT, J.:

This is a representative action by a stockholder of the Crandall & Godley Company, in behalf of said corporation against one of the living directors and the executors of a deceased director, to recover moneys of the corporation said to have been illegally disbursed by its directors.

The judgment appealed from directs the executors of Lyman F. Pettee, deceased, who, until August 22, 1910, was a director of the corporation, to repay to it about $50,000, claimed to have been illegally paid as " additional salaries " to certain stockholders who were also officers or employees in the years 1895 and 1896, and upwards of $21,000 being sums (with interest) claimed to have been illegally paid out for counsel fees in defending a former action brought by Elizabeth McM. Godley. The defendant Finkenstadt (who has died since this action was begun) is held liable to repay upwards of $28,000 claimed to have been illegally paid for premiums on surety bonds and counsel fees.

There is a fundamental objection to the maintenance of this action, and the affirmance of the judgment entered therein, and that is the total absence of allegation or proof that the plaintiff had before commencing the action either requested the then directors of the corporation to sue in its name, and had met with a refusal, or that for any reason it would have been futile to make such a demand. In fact the complaint does not even state who the directors of the corporation were when the action was begun. In *O'Connor* v. *Virginia Passenger & Power Co.* (184 N. Y. 46, 52) Chief Judge CULLEN wrote as follows: " In a derivative action of the character of the present one ' the complaint should allege that the corporation, on being applied to, refused to prosecute, and that this averment constitutes an essential element of the cause of action ' [citing cases]. The complaint alleges no such demand or refusal. The general rule is subject to this exception, that where facts are alleged showing that the demand would be unavailing, a demand is unnecessary [citing cases]. * * * Nor is the allegation that the new directors were ' subservient to the domination and dictation of said Frank Jay Gould and Helen Miller Gould ' sufficient to prove that they would not prosecute against the Goulds a well-founded cause of action. It is not

necessarily through dishonest or improper motives that persons may be subject to the domination and dictation of others. If the directors were the same as those who committed the wrongs, or if they were acting fraudulently, dishonestly or collusively with the Goulds for the purpose of defrauding the corporation in the latter's interest, it was very easy to say so and there is no reason why the charge should not be explicitly and unequivocally made. In *Brewer* v. *Boston Theatre* (104 Mass. 378) the allegation was ' that [a majority of] the present board of directors of said defendant corporation are [acting] in the interest of and [are] under the control of said Tompkins and Thayer.' This was held insufficient, the Supreme Court saying: It does not ' show that such an application upon a suitable representation of [the] facts, would [be] unavailing.' "

This rule of pleading is well established and has frequently been followed. (*Brown* v. *Utopia Land Co., No. 2*, 118 App. Div. 364, 366; *McCoy* v. *Gas Engine & Power Co.*, 135 id. 771.)

It may be that there were perfectly cogent reasons why the plaintiff considered that it would have been useless to make a demand on the corporation to bring the action, but if so there is no reason, as Chief Judge CULLEN said in the case from which we quoted, why those reasons should not have been explicitly and unequivocally stated in the complaint. This objection was taken by defendants at the opening of the case and a motion made to dismiss the complaint as insufficient. The motion was denied, but it should have been granted and the exception to the refusal to grant it presents reversible error.

What we have said is sufficient to warrant a reversal of the judgment appealed from, but it may not be amiss to say that apart from this point, which may be considered as in a measure technical, there are other serious objections to the affirmance of the judgment which suggest doubt as to its validity on the merits, at least in its entirety. The defendants present two objections to the recovery for alleged illegal salaries paid in 1895 and 1896. One is that these items might have been, but were not, included in the relief sought in a former action by Elizabeth McM. Godley against the Crandall & Godley Company and its directors (153 App. Div. 697; 212 N. Y. 121). The judgment in that action, which has been

paid, included like illegal salaries paid in 1897 and succeeding years, and the defendants' contention, for which there is much support in the cases, is that claims of this nature may not be split up and prosecuted in successive actions. The second objection urged against this particular item of recovery is that the claim is barred by the Statute of Limitations. Both of these contentions would merit at least serious consideration if the judgment were otherwise unimpeachable.

There is included in the judgment a sum of money paid to counsel in resisting the appointment of a receiver of all of the assets of the defendant corporation. This resistance was justified in the event because the Court of Appeals very materially restricted the scope of the receivership, and it is conceded that the amount of the counsel fees paid was reasonable. We think that the plaintiff failed to establish the illegality of this payment. It is true that representative actions by stockholders are presumptively in favor of and not in antagonism to the corporation, which is made a defendant merely in order that an appropriate decree can be made by which it will reap the benefit of a recovery. Ordinarily, therefore, there will be no occasion to spend considerable sums of the corporation's money to defend against an action brought for its benefit. Cases may arise, however, where the interests of the corporation are injuriously threatened by such a suit, or by some incidental relief sought therein. In such a case the directors may properly employ and pay counsel in behalf of the corporation, assuming the burden, if the expenditure is questioned, of showing that some interest of the corporation was in fact threatened and that, for that reason, the expenditure was justified, and upon the question of justification the judgment of the directors as to the necessity for the expenditure, if exercised honestly and in good faith, is not open to question in an action which is predicated not upon errors of judgment, but upon allegations of bad faith and dishonesty. To appoint a receiver of all the assets of a corporation is ordinarily a serious matter, and the directors are not to be charged with wastefulness merely because they resisted such a receivership. (*Barnes* v. *Newcomb*, 89 N. Y. 108; *People* v. *Commercial Alliance Life Ins. Co.*, 148 id. 563.) We are also of the opinion that so much of the judgment as

charged the executors of Lyman F. Pettee with expenditures made by the directors after his death is clearly unwarranted.

As to the amount recovered against the defendant Finkenstadt for counsel fees and insurance premiums paid out, there appears to be no evidence of any wrongful act upon his part in that he actively participated in making the payments. He appears to have been held liable solely because he was a director at the time the judgments were made. This does not seem to be sufficient. (*People* v. *Equitable Life Assurance Society,* 124 App. Div. 714, 732.)

For the reasons already stated it is unnecessary to consider in greater detail the objections to the detailed items of the recovery. For the insufficiency of the complaint in the respect already pointed out the judgment appealed from must be reversed and the complaint dismissed, with costs in this court and the court below. Since no findings of fact are necessary when the complaint is dismissed for insufficiency, all of the findings of fact will be reversed, and no new findings made.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.