CHARLES L. APFEL, Respondent, v. FRANK AUDITORE and Another, Defendants, Impleaded with SACRAMENTO STEAMSHIP COMPANY, INC., and Others, Appellants.

First Department, April 27, 1928.

Corporations — representative action — corporations are not liable for fees of attorneys engaged by defendant stockholder to act for him and corporations.

In a representative action instituted by one stockholder of corporations against another, in which the corporations are made nominal defendants, the corporations are not liable generally to attorneys engaged by the defendant stockholder to represent him and the corporations, for in defending the action the attorneys were acting really in behalf of the defendant stockholder and not beneficially for the corporations. The limit of the liability of the corporations is the value of the labor of entering a nominal appearance and formally appearing for them.

MARTIN, J., dissents.

APPEAL by the defendants, Sacramento Steamship Company, Inc., and others, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 5th day of November, 1927.

*Edward H. Wilson* of counsel [*John J. Kean,* attorney], for the appellant.

*Alfred B. Nathan* of counsel [*George X. Levine* with him on the brief; *Louis H. Moos,* attorney], for the respondent.

PROSKAUER, J. The plaintiff has had judgment for the value of his legal services claimed to have been rendered to all the defendants. The finding of the trial court as to the rendition and value of the services is amply sustained by the evidence. The corporate defendants challenge the judgment, however, upon the ground that the services for the most part were not rendered to them and that such work as the plaintiff performed for them was purely perfunctory and of merely nominal value. The stock of the defendant cor-

porations was almost entirely owned by two brothers, Frank Auditore and Joseph Auditore. The administratrix of Joseph Auditore, charging Frank Auditore with waste of corporate funds and other misconduct as an officer and director of these corporations, brought a representative stockholders' action. The corporations were made nominal defendants. Frank Auditore retained the plaintiff's firm as attorneys for himself and the corporations. In defending the action, however, the plaintiff's firm was acting really in behalf of Frank Auditore and not beneficially for the corporations. We regard it as inequitable that the corporations should be called upon to pay for the defense of this action brought for their benefit and resulting in a judgment in favor of the plaintiff as a representative of the corporate interests. The amount of the plaintiff's recovery against the corporations should be limited to the value of the labor of entering a nominal appearance for the corporations and formally appearing for them.

The judgment appealed from should be reversed and a new trial granted, with costs to the appellants to abide the event.

DOWLING, P. J., MERRELL and O'MALLEY, JJ., concur; MARTIN, J., dissents.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.