BERTHA FOLEY EARL, a Stockholder of Standard Furniture Company, Suing on Behalf of Herself and All Other Stockholders Similarly Situated, Appellant, Respondent (FLORENCE HASELHURST BAILEY, as Executrix, etc., of IOLA B. HASELHURST, Deceased, a Stockholder and Joint Party Plaintiff by Consent of All Parties without Formal Amendment of Title, Appellant, Respondent), v. SHELDON M. BREWER and Others, Individually and as Directors of Standard Furniture Company, and Others, Respondents, Appellants.*

Fourth Department, June 30, 1936.

* See 156 Misc. 881.

*Gay H. Brown* [*Ernest P. Felt* with him on the brief], for the plaintiff-appellant-respondent.

*James F. Hubbell*, for the defendants-respondents-appellants (excepting Irving G. Will).

*Thayer Burgess* [*John M. Liddy* with him on the brief], for the defendant-respondent-appellant Irving G. Will.

CROSBY, J. Plaintiff brought this minority stockholder's action to recover from the present directors and some of the past directors of the Standard Furniture Company, for its benefit, certain sums of money claimed to have been, by said directors, taken and expended improperly. We think the judgment of the referee before whom the case was tried is correct excepting in two particulars. Fault is found by defendants with that part of the judgment which awards to plaintiff the sum of $14,070.27 for her expenses of the litigation. The allowance seems large, but it was a case which required much time and effort and no little expense to prosecute successfully, and the aggregate recovery to the corporation is over $45,000. . The corporation is justly charged with the reasonable expense of litigation successfully conducted in its behalf by a minority stockholder, volunteering to do the work and taking the risk of such an action. (*Atwater* v. *Elkhorn Valley Coal-Land Co.*, 184 App. Div. 253.)

However, the corporation having thus paid the expenses of the litigation it seems unjust to award the taxable costs against all the defendants, including the corporation. The corporation is the successful party here, the judgment is in its favor. The statutory costs should go against all defendants other than the Standard Furniture Company.

The paragraph of the judgment which enjoins the defendants from "making further illegal demands upon said corporation * * * and from making any exorbitant payments * * * to themselves * * * and from continuing any acts of negligence or mismanagement," etc., should be eliminated, for the reason that it is too vague and indefinite to be enforced. It amounts to little more than a direction to do right in the future. An injunction "should plainly indicate to the defendant specifically all the acts which he is thereby restrained from doing without calling upon him for inferences, or any conclusions only to be arrived at by a more or less uncertain process of reasoning, and about which the parties might well differ in opinion either as to the facts or law." (*Lyon* v. *Botchford*, 25 Hun, 57.)

In addition to the several appeals from the judgment, we have an appeal by plaintiff from an order of the Special Term vacating

and setting aside an execution issued by plaintiff's attorneys, against the individual defendants, as well as an order, granted by the county judge, to examine such defendants in a supplementary proceeding in aid of the execution. The Special Term held that when plaintiff's labors in behalf of the corporate defendant were crowned with success, the judgment being the property of the corporation, she and her attorneys had no power to issue execution to collect the judgment. It would be unfortunate if that were the case. The cases all speak of one in the situation of this plaintiff as a " trustee " for the corporation. When does her trusteeship begin and end? She volunteered her services as trustee at some risk to herself, having nothing to gain for herself more than for all the other stockholders. And what would have become of her trusteeship had she failed? Her trusteeship depended upon her success in the litigation and should survive until the judgment is collected and the proceeds paid to the corporation to which it belongs. The corporation is still in the control of the very defendants, or some of them, who owe the judgment. The opinion of the Special Term suggests that plaintiff may have mandamus to compel the owner of the judgment to issue execution. From all that has happened it may well be feared that the corporate owner of the judgment, controlled by the very men who owe the judgment, may not be vigilant in seeking out property on which to levy. The simpler, more direct and altogether better way, if it can be done, is to intrust the collection of the judgment to the only party who, so far, has shown much interest in procuring for the corporation what was its due.

Without question plaintiff had entire and exclusive control of the litigation up to the last day of the trial when she was joined by one other minority stockholder similarly situated, and, but for that one joining her, she would have had exclusive control until the entry of judgment. She could have continued, compromised, abandoned or discontinued the litigation at her pleasure. (*Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166, 184.)

And, of course, she was at liberty not to start the litigation at all.

As was said in the case of *Planten* v. *National Nassau Bank* (174 App. Div. 254; affd., 220 N. Y. 677): " The authority of a stockholder to sue in the right of the corporation is not statutory. It rests solely on judicial decisions made for the protection of stockholders where those who are clothed with authority to bring an action to enforce the rights of the corporation fail or refuse so to do. It may, therefore, be said to be a rule of necessity. When, however, a proper foundation is laid for such an action,

the *control of the litigation* becomes vested in the shareholder who brings it and such others as may join therein, although the cause of action belongs to the corporation and the fruits of the litigation inure to its benefit." (Italics mine.)

But when does plaintiff's "control of the litigation" cease? Does it cease as soon as rights have been established by judgment, or does it continue until wrongs have been righted by collection of the judgment?

Section 650 of the Civil Practice Act provides as follows: "Except as otherwise specially prescribed by law, the party recovering a final judgment, or his assignee, may have execution thereupon, of course, at any time within five years after the entry of the judgment."

But this does not solve our problem unless we can say who recovered the judgment. Plaintiff argues that she recovered it for the corporation. Defendants argue that the corporation recovered the judgment through the efforts of plaintiff.

Defendants cite several authorities which hold generally that only the owner of a judgment can control the matter of issuing execution: *People's Sav. Bank* v. *McDowell* (204 S. W. [Mo. App.] 406); *Rigney* v. *Tallmadge* (19 Abb. Pr. 16); 1 Freeman Executions (3d ed. § 21, p. 58); 23 C. J. (p. 310).

I quote from the authority last cited: "The rule is that the person in whose favor a judgment is rendered, *or those acting for him,* have the exclusive control of the issuance of an execution." (Italics mine.) Who is "acting for" the corporation, the defendants who owe it money and have, thus far, resisted every effort to collect it, or the plaintiff whose efforts secured the judgment against those defendants?

The law has created a sort of fiction that plaintiff, in bringing this action is acting as a trustee for the corporation. And until she wins her case her trusteeship is indeed a fiction. Until then she is a mere pretender assuming all the risks that go with failure. In a very real sense her trusteeship starts with the entry of judgment, not before. Success alone vindicates her pretensions to being a trustee for the corporation.

Therefore, accepting the authority which defendants themselves have cited, which says: "The person in whose favor a judgment is rendered, *or those acting for him,* have the exclusive control of the issuance of an execution," I am of opinion that plaintiff, in issuing execution, is not only "acting for" the corporation, but is the only person really fitted for that office in so far as the collection of this judgment is concerned.

The judgment should be modified by striking out the name of the Standard Furniture Company as a party liable for the statutory costs, and also by striking out the paragraph, mentioned in this opinion, which grants an injunction against certain of the defendants, and, as modified, affirmed.

The order vacating the execution and order in supplementary proceedings should be reversed, with ten dollars costs and disbursements, and the motion denied, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ..

Judgment modified in accordance with the opinion and as modified affirmed, without costs. Order reversed on the law, with ten dollars costs and disbursements, and motion denied, without costs.