In the Matter of the General Assignment for the Benefit of Creditors of JAMAICA CONCRETE CORPORATION, Assignor, to ABRAHAM A. WEDEEN, Assignee.*

Supreme Court, Queens County, October 30, 1941.

---

* Affd., 263 App. Div. 830.

*Leo Guzik,* for the assignee.

*Irving Lemov,* for Charles Masholie, temporary receiver.

STEINBRINK, J. By order dated October 22, 1940, there was appointed a temporary receiver of the assets of Jamaica Concrete Corporation (hereinafter called Jamaica). The appointment was made in an action brought by a stockholder of the corporation, among other things, to enjoin corporate waste. On July 30, 1941, Jamaica executed an assignment for the benefit of its creditors. The assignee who qualified thereinder now applies for an order directing the temporary receiver to turn over to him all of the assets and properties of the corporation.

The only real opposition to the motion comes from the plaintiff in the stockholder's action, who attacks the validity of the corporate resolution authorizing the assignment on the ground that it was executed by persons who were not directors of Jamaica. The assignment and the resolution authorizing it, both of which are regular in form, may not be collaterally attacked. (*Doughty* v. *Weston,* 174 App. Div. 212.) But quite apart from this, it appears that the resolution attached to the moving papers was signed by Helen N. Salvatore and Daniel J. Salvator, both of whom are described in the amended complaint served in the stockholder's action as directors of Jamaica. Furthermore, the corporate minutes record the election of Helen N. Salvatore as director on October 31, 1938, and the election of Daniel J. Salvator as director on June 29, 1940.

In further opposition to the motion it is alleged that the assignment was the result of an arrangement between Daniel J. Salvator and a certain number of creditors to prefer them over other creditors. No proof in substantiation of this charge is offered.

In the administration of the affairs of the corporation the directors were not prevented from making the assignment by reason of the existence of the receivership. When the assignment became effective, title to all of the corporate property vested in the assignee, to be held by him in trust for all of the creditors. By the terms of the statute the assignee came under a duty to " collect and reduce to money the property of the estate, under the direction of the court." (Debtor and Creditor Law, § 14.) Performance of that statutory duty for the benefit of all of the creditors may not be impeded by the temporary receiver's possession and control of some of the corporate assets.

This determination in no way reflects upon the competency of the receiver, for the question is not whether the interests of the corporation require retention of his services during the pendency of the stockholder's action, but rather whether the interests of the creditors require that the assignee be given an unrestricted right to " collect and reduce to money the property of the estate."

The motion is accordingly granted.