In the Matter of the General Assignment for the Benefit of Creditors of JAMAICA CONCRETE CORPORATION, Assignor, to ABRAHAM A. WEDEEN, Assignee, Respondent. CHARLES MASHOLIE, Appellant; JACOB A. VISEL, Temporary Receiver, Respondent; DANIEL J. SALVATOR, HELEN SALVATOR, JAMAICA CONCRETE CORPORATION and D. J. SALVATOR, INC., Respondents.— On appeal by Charles Masholie, a stockholder of respondent D. J. Salvator, Inc., from an order declaring an assignment for the benefit of creditors of the goods, chattels and assets of the Jamaica Concrete Corporation as assignor, to Abraham A. Wedeen, as assignee, to be valid in all respects, directing the receiver of Jamaica Concrete Corporation to turn over all the property and assets of that corporation to the assignee, and awarding other relief, order affirmed, with ten dollars costs and disbursements to the assignee, respondent, payable by appellant personally. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur. [177 Misc. 866.]

RICHARD T. KING, Respondent, v. LAFAYETTE NATIONAL BANK OF BROOKLYN IN NEW YORK, Appellant; WALTER JEFFREYS CARLIN and S. JAMES KENNEDY, Defendants.— In an action to recover the value of services alleged to have been performed by the plaintiff at the request of appellant through its duly authorized agents, consisting of an investigation of the circumstances attending the making and execution of an alleged will, order denying motion of the defendant, appellant, for summary judgment dismissing the complaint as against it, affirmed, with ten dollars costs and disbursements. The issue of the status of the defendant Kennedy as agent, upon which is dependent the liability not only of that defendant, but of the remaining defendants, including defendant, appellant, is one the determination of which should await trial. The plaintiff is in doubt as to the person from whom he is entitled to redress. (Civ. Prac. Act, § 213.) Although the only express representations of authority claimed by plaintiff were those of defendant Kennedy, plaintiff sets forth other facts from which it may be inferred that the defendant bank through its attorney, the defendant Carlin, had knowledge of the engagement of the services of the plaintiff and ratified such engagement or acquiesced therein. The defendant Kennedy had been in frequent communication with the plaintiff for a number of years and exhibited to him the alleged will at the office of the plaintiff in Port Byron, N. Y. Not only did Kennedy have conferences with the plaintiff at that office, but on one occasion the defendant Carlin also interviewed the alleged forger there. It is undenied that plaintiff obtained and turned over to the appellant, or its attorney, a confession of forgery and the typewriter on which the alleged will was prepared. These and other circumstances show that an issue of fact as to the status of Kennedy is presented, and it is not refuted by the bare conclusions of the defendants that Kennedy was not authorized to engage the plaintiff. Lazansky, P. J., Carswell, Johnston and Adel, JJ., concur; Hagarty, J., not voting.