CHARLES MASHOLIE, on Behalf of Himself and All Other Stockholders of D. J. SALVATOR, INC., and JAMAICA CONCRETE CORPORATION, Similarly Situated, Plaintiff, and ABRAHAM A. WEDEEN, as Assignee for the Benefit of Creditors of JAMAICA CONCRETE CORPORATION, Intervener, Plaintiff, v. DANIEL J. SALVATOR et al., Defendants.

Supreme Court, Special Term, Queens County, February 7, 1944.

*Irving Lemov* for plaintiff.

*Leo Guzik* for intervener.

*Thomas A. McDonald* for Daniel J. Salvator, defendant.

*Middlebrook & Sincerbeaux* for Helen N. Salvator, defendant.

COLDEN, J. In a stockholder's derivative action prosecuted in behalf of the defendants, D. J. Salvator, Inc., and Jamaica Concrete Corporation, the plaintiff has moved for the assessment and allowance, pursuant to section 61-a of the General Corporation Law, of his reasonable expenses, including attorney's fees, and for the settlement and rendition of final judgment based upon the report of the Official Referee dated December 27, 1943, to whom, by the interlocutory judgment dated July 17, 1943, the issues of fact raised by plaintiff's objections to the account of the defendants had been referred " to hear and determine ". Objections have been interposed by the defendants Salvator and by the assignee for the benefit of creditors of Jamaica Concrete Corporation, who has duly qualified under the assignment dated July 30, 1941, and filed the next day in the office of the Clerk of Queens County.

Some of the objections raised, particularly in respect to the liability of the defendant Helen N. Salvator and the question of ratification, have already been determined by this court and will not again be passed upon. So far as the Official Referee's findings are concerned, they constitute determinations made by him pursuant to the interlocutory decree, which specifically directed him to hear and *determine* the issues of fact raised by the objections filed to the account. It is not, therefore, necessary that this court review said report, as the findings made therein are binding upon the parties and are not reviewable by Special Term.

The assignee for the benefit of creditors of the Jamaica Concrete Corporation contends (1) that the entire recovery herein should be in favor of his assignor upon the ground that by a resolution dated December 24, 1937, and a bill of sale executed by D. J. Salvator, Inc., on February 14, 1938, it had transferred to the Jamaica Concrete Corporation all of its assets, property and choses in action; and (2) that such recovery should in turn be made payable to him as assignee for the benefit of creditors.

The assignee was joined as a party to this action by an order dated January 18, 1944. Under his assignment he is vested with title to all of the corporate property of Jamaica Concrete Corporation to be held by him in trust for its creditors. (*Matter of Jamaica Concrete Corp.*, 177 Misc. 866, affd. 263 App. Div. 830.) The misconduct embraced in this action occurred prior to the assignment and there is no question that subject to the allowances to be made under section 61-a of the General Corporation Law any recovery accruing to the assignor should be adjudicated in favor of the assignee. The court cannot, however, at this time adjudicate that the defendant, D. J. Salvator, Inc., is entitled to no recovery whatsoever. The pleadings in this action did not raise any issues between the two corporations, and none was litigated. The assignee's attorney sat by and left the conduct of the trial completely in the control of plaintiff's attorney. The very documents which he now urges as the basis for recovery by his assignor of all of the avails of the suit were in his possession but never urged upon the court. It is upon the instant application that the claim is for the first time advanced and the documents submitted. Orderly procedure requires that issues be raised and fairly presented by the pleadings in the case so that the parties to the action may be in a position to meet them at the proper time, which certainly is not when the last step in the action is about to be taken. The assignee's objection in that respect is, therefore, overruled, without prejudice, however, to its assertion by plenary suit or otherwise.

The plaintiff has requested reimbursement in the sum of $376.31 for actual disbursements incurred by him in the action and the sum of $5,000 to compensate him for time spent with his attorney in the preparation, hearings and trial of the case. His attorney seeks an allowance of $35,000 to be charged proportionately against both corporations. The proposed final judgment, which is annexed to the motion papers, directs that the foregoing expenses of the litigation in such amounts as the court may determine be assessed upon the two corporations, and judgment in favor of the corporations for said amounts granted against the individual defendants as special costs of the action. All the parties appearing in opposition object not only to the amounts requested but to the manner of payment.

It is well settled that a plaintiff in a derivative stockholder's suit is entitled to allowances for reasonable expenses and attorney's fees incurred by him where the suit has resulted in a substantial benefit to the corporation. (*Earl* v. *Brewer,* 248 App. Div. 314, affd. 273 N. Y. 669; *Drivas* v. *Lekas,* 265 App. Div.

1003.█) He is not entitled, however, to reimbursement for his *personal* services and *private* expenses. (*Trustees* v. *Greenough,* 105 U. S. 527, 537–538.) Section 61-a of the General Corporation Law (as added by L. 1941, ch. 350, § 1, eff. April 14, 1941) has not in that respect changed the rulings of earlier cases. (*Neuberger* v. *Barrett,* 180 Misc. 222.)

The plaintiff is accordingly not entitled to any allowance for personal services or for compensation for the time taken from his business (concrete construction). While he may be entitled to reimbursement for disbursements incurred in aid of the prosecution of the action, the moving papers contain no facts in support of the conclusory statement that he spent $376.31. The court will reimburse him for such disbursements provided that they are itemized in a sworn affidavit to be served at the time of the settlement of the judgment, as hereinafter directed.

The recovery in this case, together with interest, totals approximately the sum of $115,000. The amount sought by the attorney is approximately 30% of such recovery which, in the light of this difficult and trying litigation, bitterly contested through a period of years and undertaken by an attorney upon a contingent basis, is in the court's opinion fair and reasonable. The court is not unmindful of the decision rendered by the United States District Court for the Southern District of New York (*Winkelman* v. *General Motors Corporation,* 48 F. Supp. 504) wherein the court stated that in cases involving large recoveries " the overall percentage should be reduced as the recovery increases, otherwise the amount allowed in dollars would be excessive ". That case, however, involved a settlement in the sum of $4,500,000, payment of which was to be made in cash. Here all parties virtually concede that the collection of the judgment herein is problematical. Under these circumstances and the comparatively modest recovery, a sum equal to 30% thereof is not excessive. As well stated by George D. Hornstein of the New York Bar in his article " The Counsel Fee in Stockholder's Derivative Suits " (39 Col. Law Review 784, 812, 813): " The attorney frequently accepts the case on a contingent basis in view of the impossibility of expecting his individual client to compensate him directly in any amount * * *. He renders his services at the risk of receiving no compensation at all, if unsuccessful." See, also, list of cases in an article by the same author, " Problems of Procedure in Stockholder's Derivative Suits " (42 Col. Law Review 574, 587).

The plaintiff seeks to have the expenses of the litigation assessed against the corporations under the provisions of section 61-a of the General Corporation Law, which so far as applicable here provides: " * * * the reasonable expenses, including attorneys fees, of any or all such parties shall be assessed upon the corporation in such amount as such court shall determine and find to be reasonable in the circumstances; and the amount of all such expenses so assessed shall be awarded as special costs of the action, suit or proceeding and recoverable in the same manner as statutory taxable costs."

It seems that in all of the cases listed in Mr. Hornstein's articles above referred to the amount of counsel fee, etc., was proportionate to the "resulting benefit to the corporation" which was listed in terms of money salvages or recoveries. However, a benefit to a corporation may accrue without a money recovery as, for instance, where the expenses are incurred in protecting some interest of a corporation. (*Schoenherr* v. *Van Meter,* 215 N. Y. 548, 552.) In the case at bar, however, the only benefit to the corporations claimed by the plaintiff or perceived by the court is the judgment to be entered, and if the collection thereof is problematical then the labors in the case, so far as the corporations are concerned, have been of little, if any, benefit to them. The Appellate Division, Second Department, in *Drivas* v. *Lekas,* 265 App. Div. 1003 (*supra*), has said: " Section 61-a of the General Corporation Law provides for allowances to be made by the court for expenses and attorneys fees. Reasonable construction of this section suggests as a basis for these allowances a successful prosecution resulting in a substantial benefit to the corporation. In the opinion of the court, the proof in this record does not establish such benefit, and the motion was therefore properly denied."

Since in the instant case there can be no benefit to the corporations other than the collection of the judgment to be entered, the court can see no basis for the assessment of a specific money allowance against them so as to make it collectible out of assets other than those actually salvaged or collected through the efforts of the plaintiff and his attorney. All that the court can do at this time is to adjudicate that the attorney is entitled to an allowance equal to 30% of any moneys collected under the judgment, and, on the authority of *Earl* v. *Brewer* (248 App. Div. 314, affd. 273 N. Y. 669, *supra*), permit the plaintiff stockholder to issue execution and institute proceedings under article 45 of the Civil Practice Act.

Stripped of unnecessary language, section 61-a of the General Corporation Law provides, so far as is here material, that " In any action   *   *   *   [as this] the reasonable expenses, including attorneys fees, of any party plaintiff or party defendant incurred in connection with the successful prosecution or defense of such action   *   *   *   shall be assessed upon the corporation   *   *   *   and the amount   *   *   *   so assessed shall be awarded as special costs of the action   *   *   *   recoverable in the same manner as statutory taxable costs."

In construing a statute, all portions thereof must be considered together and each part construed in the light of the other and kept subservient to the plain intent of the entire enactment. (*Ansonia B. & C. Co.* v. *New Lamp-Chimney Co.,* 53 N. Y. 123, 125; *People ex rel. Mason* v. *McClave,* 99 N. Y. 83, 89.) So construed, it cannot be said that it was the legislative intent to add plaintiff's expenses to the amount of recovery and then grant judgment for the total sum against the defendants charged. Costs are the creation of statutes; there is no common-law right thereto. (*Matter of Holden,* 126 N. Y. 589.) " At common law neither costs nor disbursements were allowed to the prevailing party in any case, and their allowance has always been regulated by statute." (*E. L. A. Society* v. *Hughes,* 125 N. Y. 106.)

Under the statute before us the corporation alone is assessed with the " special costs of the action " consisting of " the reasonable expenses, including attorneys' fees " incurred by any successful party. There is nothing in the enactment charging anyone else with such costs or permitting the corporation a recovery over. If the Legislature had intended such a result, it would have employed different and plainer language. The court has no authority to supply such language. In construing a statute the judicial function is limited to ascertaining the intention of the Legislature as therein expressed.

Settle final judgment in accordance with the foregoing views upon notice to all parties and provide therein for statutory taxable costs.