## FULLER et al. v. AMERICAN MACHINE & FOUNDRY CO. et al.

United States District Court
S. D. New York.

June 13, 1950.

Nathan B. Kogan, New York City, Irving Constant, New York City, of counsel, for plaintiffs.

Cahill, Gordon, Zachry & Reindel, New York City, Mathias F. Correa, Frederick P. Warne, Irwin Schneiderman, all of New York City, of counsel, for defendant International Cigar Machinery Co.

IRVING R. KAUFMAN, District Judge.

The defendant International Cigar Machinery Company ("International" hereafter) has moved for an order directing the plaintiffs to furnish security pursuant to Section 61-b of the N. Y. General Corpo-

ration Law, Consol.Laws, c. 23, in the amount of not less than $100,000 for the reasonable expenses, including attorneys' fees, which may be incurred by said defendant in connection with this action. Defendant International also seeks a stay of further proceedings in this action pending posting and approval of said security, and an extension of the time to answer to the twentieth day following the expiration of the requested stay.

Plaintiffs, stockholders of International, have brought a derivative action in the right of International for damages and an accounting from International's controlling stockholder, American Machine & Foundry Company ("American" hereafter).

■ There is no question but that Section 61-b of the General Corporation Law of New York is applicable in a derivative action based on diversity of citizenship in the federal courts. Cohen v. Beneficial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. It is conceded also that plaintiffs are subject to the security provisions of that Section, for they own less than 5% or $50,000 worth of the stock of International. International is therefore entitled to security for its costs, including attorneys' fees, in this action. The only question is the amount of security. The plaintiffs claim such security should be no more than $1,000 since International is merely a nominal defendant and its attorneys are also the attorneys for American.

■ The corporation on behalf of which plaintiffs sue must be made a party defendant so that a decree may appropriately give the corporation the fruit of any recovery by the plaintiffs. Kirby v. Schenck, Sup.Ct. N.Y. 1941, 25 N.Y.S.2d 431.

■ The test of whether the corporation is more than a nominal party defendant depends on the nature of the complaint and the interest of the corporation in the controversy. The corporation can actively defend where the interests of the corporation are threatened with injury by the relief sought in the complaint. See, e.g. Godley v. Crandall & Godley Co., 1917, 181 App. Div. 75, 168 N.Y.S. 251 (complaint sought appointment of a receiver of all the assets of the corporation); Otis & Co. v. Pennsylvania R. R., D.C.E.D.Pa. 1944, 57 F.Supp. 680 (complaint attacked a corporate policy of long duration).

The Otis case, supra, involved the analogous question of whether the corporation on whose behalf the derivative action was brought and which was joined as defendant could interpose affirmative defenses. The Court stated, in 57 F.Supp. at page 682: "* * * when the cause of action is such as to endanger rather than advance corporate interests, an answer setting forth affirmative defenses seems proper."

The test then is the complaint itself. The complaint herein alleges that American is the parent of International, owning 67½% of the outstanding capital stock of International (Paragraph 8); that most of the directors and officers of International are directors and officers of American (Paragraph 9); that American therefore stands in a fiduciary relationship to the minority stockholders of International (Paragraph 11); that "American pays and has paid nothing to International for the use of International's valuable patents, patent rights, licenses, know-how and the results of International's developmental work, all of which are used by American in the manufacture of cigar making machinery," which it sells to International (Paragraph 14); that the "prices at which American sold and is selling cigar-making machinery to International and the profits realized by American on such sales have been and are grossly unreasonable and excessive * *" (Paragraph 16); that American has caused International to pay in full for defective equipment (Paragraph 17); that American and International are making use of joint personnel, and that American has wrongfully caused International to pay an excessive proportion of the expenses for such joint personnel; and that "as a result of the wrongful acts of the defendant American and its failure and neglect to act, * * * International and its stockholders as a class * * * have sustained loss and damage * * * and are continuing to sustain such loss, damage and deprivation." (Paragraph 23.) The plaintiffs demand

judgment on behalf of International against American for damages and for an accounting.

In summary, the complaint alleges that American has been using its dominant and controlling position over International to take undue advantage of International in prices charged it for goods and services. The complaint states no cause of action against International and seeks no relief against that corporation. It states a claim against American only as majority stockholder for breach of its fiduciary duty in misappropriating International's funds and obtaining excessive profits by reason of its controlling position. See Pepper v. Litton, 1939, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281; Geddes v. Anaconda Mining Co., 1921, 254 U.S. 590, 41 S.Ct. 209, 65 L.Ed. 425.

■ Plaintiffs do not seek to change International's method of doing business or alter corporate policy. They are content that International should continue purchasing all its machinery from American and use joint personnel. The plaintiffs object solely to the alleged over-reaching and obtaining of excessive profits on the part of American accomplished through the common directorships and officers. Surely International cannot actively defend on the ground that it was an established corporate policy to pay excessive prices for goods and services. In the opinion of this Court, International can only benefit from this suit. Cf. Leven v. Birrell, S.D.N.Y.1949, 92 F.Supp. 436; Apfel v. Auditore, 1928, 223 App.Div. 457, 228 N.Y.S. 489, affirmed 1929, 250 N.Y. 600, 166 N.E. 339.

The question now presented is the same essentially as that presented to Judge Rifkind of this Court in Spilberg v. Haynes, etc.[1] That action was similar to this, against the same defendants plus the directors of International as individual defendants. On a motion for security in the sum of at least $100,000, Judge Rifkind fixed the amount of security at $7,500. In that order Judge Rifkind had to provide for the attorneys' fees and expenses of all thirteen individual defend-

ants, for which fees and expenses the corporation, International, is responsible. Sec. 64, N.Y.General Corporation Law.

Judge Rifkind overruled the contention that the amount of security should take into account the value of the time devoted by officers and employees of International; his ruling was unquestionably correct. See Gildener v. Lynch, 1945, 187 Misc. 427, 54 N.Y.S.2d 827; Masholie v. Salvator, 1944, 182 Misc. 523, 46 N.Y.S.2d 596. The prior action was dismissed for failure to post the security ordered.

■ Since the Court finds that International is merely a nominal defendant in this action, and absent the expenses involved because of individual directors as parties defendant, the amount of security is fixed at $3,500, subject to the provisions of Section 61-b concerning future increase or decrease.

Plaintiffs request that a proviso be attached to the order requiring security, which would permit plaintiffs to move to vacate the order if within a specified time additional stockholders should join them in number sufficient to meet the requirements of Section 61-b. Baker v. Macfadden Publications, 300 N.Y. 325, 90 N.E. 2d 876. The plaintiffs are granted 30 days from the day the order is filed within which to move to vacate the order upon a showing that 5% or $50,000 worth of International stock has joined with plaintiffs in this action.

The motion of the defendant International is granted and the plaintiffs are directed to furnish the defendant International with security in the amount of $3,500. The time within which the defendants may move, answer or otherwise plead with respect to the complaint is extended to 20 days following the furnishing of satisfactory security. All proceedings in this action except to vacate said order are stayed until such security has been furnished.

Settle order in accordance with this decision.

---

1. No opinion for publication.