OPINION OF THE COURT
Lee L. Holzman, J.
The motions for summary judgment sub judice involve two conflicting claims to a death benefit of $302,735.36 payable by the Manhattan and Bronx Surface Transit Operating Authority (MaBSTOA). Decedent’s surviving spouse, the movant, asserts that pendente lite orders entered in 1992 and 1993 in a matrimonial action in the Supreme Court, Westchester County, enjoined the decedent from designating anyone other than her as the beneficiary of this benefit. The cross movants contend that the decedent was not enjoined from changing the beneficiary and that the benefit should be paid to the decedent’s four children, his mother and his two siblings, the beneficiaries designated on the form that was filed with MaBSTOA in 1996. Movant is the mother of three of the children, one of whom is a minor. To avoid the need to appoint a guardian ad litem for her infant child, the movant has consented to the payment of one seventh of the death benefit to this child, regardless of the outcome of this proceeding. None of the decedent’s children has appeared in this proceeding. The cross movants are the four designated beneficiaries who are not related to the movant.
*155 Decedent had been employed by MaBSTOA as a bus operator from 1971 until the date of his death, May 30, 1996. The amount of the death benefit is calculated by determining the pension benefit to which the decedent would have been entitled had he retired the day before his death and selected a specific option under the MaBSTOA pension plan. Movant had been the beneficiary of the death benefit until the decedent designated his four children and his mother as the beneficiaries in a designation of beneficiary form executed on May 9, 1995. On April 10, 1996, the decedent executed another designation of beneficiary form in which he added his two siblings as beneficiaries.
Decedent and the movant were married in 1966. In December 1991, the movant commenced an action in Supreme Court, Westchester County, seeking a judgment of separation. Decedent counterclaimed for a judgment of divorce. Movant contends that orders entered in the matrimonial litigation by the Honorable W. Denis Donovan on August 31,1992 and April 16, 1993 enjoined the decedent from executing any designation of beneficiary form which removed her as the sole beneficiary of the death benefit. The pertinent portion of the first order provided that “The temporary restraining order enjoining defendant [decedent] or his employer from reducing, encumbering, transferring or allowing invasion, encumbrance, or transfer of defendant’s pension is hereby continued pending further order of this Court”. The portion of the second order upon which the movant relies provides that “Both parties are enjoined from creating any future joint debt or from encumbering pensions or other marital assets”. Since the entry of this order, neither the movant nor the decedent took any further steps to prosecute the matrimonial action, and they were still married when the decedent died.
The cross movants contend that the pendente lite orders entered in the matrimonial litigation might have enjoined the decedent from certain transactions with regard to pension benefits payable during his life but they did not enjoin any acts with regard to the death benefit. They also argue that the designation of a beneficiary for a death benefit did not come under the umbrella of acts prohibited by the orders. Consequently, they assert that there is no impediment to paying the benefit to the beneficiaries designated in the last form executed by the decedent and that they are entitled to summary judgment. Although MaBSTOA is a stakeholder in this proceeding, it had advised the movant in writing after the decedent’s death *156 that it was of the opinion that the death benefit was payable to the designated beneficiaries. MaBSTOA, in papers filed in support of the cross motion, advances the following arguments: the death benefit was not covered by the restraining orders; any attempt to prevent the designation of a new beneficiary of the death benefit would have been ineffective under the “anti-assignment” statute of the Administrative Code of the City of New York (see, Caravaggio v Retirement Bd. of Teachers’Retirement Sys., 36 NY2d 348, 353), and that to grant, under the guise of equitable distribution, 100% of the death benefit to the movant would be an inequitable result.
In determining whether the decedent was enjoined by the pendente lite orders from changing the beneficiary of his MaBSTOA death benefit, the following guidelines enunciated by the Appellate Division, First Department, in Xerox Corp. v Neise (31 AD2d 195, 197-198) are to be used: “Moreover a decree granting injunctive relief, whether temporary or permanent, ‘must define specifically what the enjoined person must or must not do, in language so clear and explicit that a layman can understand what he is expected to do, or refrain from doing, without placing the one enjoined in the position of acting at his peril. Stated otherwise, an injunction should plainly indicate to the defendant specifically all the acts which he is thereby restrained from doing without calling upon him for inferences, or any conclusions only to be arrived at by a more or less uncertain process of reasoning, and about which the parties might well differ in opinion either as to facts or law.’ (28 N. Y. Jur., Injunctions, § 147.) (See, also, May’s Furs & Ready-to-Wear v. Bauer, 282 N. Y. 331, 343; Earl v. Brewer, 248 App. Div. 314, 315, affd. 273 N. Y. 669.)”
One reason for rejecting the movant’s request to enforce any pendente lite injunctive relief entered in the matrimonial proceeding at this late date is that both parties to that proceeding appear to have abandoned it inasmuch as there was no activity in the proceeding from April 16, 1993, the date of the last order, until the decedent’s death on May 30, 1996. The pendente lite orders were clearly entered to maintain the status quo until a final equitable division of the marital property could be ordered. They were not intended to serve as a lifetime injunction against the decedent, thereby enabling the movant, upon his death, to elect whether she would be in a better financial position by taking the property which had been preserved pursuant to the injunction or by exercising her elective share as a surviving spouse. Consequently, the decedent *157 might have reasonably believed that the matrimonial proceeding had been abandoned by the time he changed the beneficiaries on the designation of beneficiary form in 1996. Based upon the rule that “in enforcing purely equitable remedies, depending upon general equitable principles, unreasonable and inexcusable delay is an element in the plaintiffs case, which a court of equity always takes into consideration in exercising its discretion to grant or refuse relief’ (Calhoun v Millard, 121 NY 69, 82), and considering that there had been no activity in the matrimonial action since April 1993, there is reason to believe that Justice Donovan would not have granted any relief to the movant in April 1996 based on the pendente lite orders that had been entered three years earlier. Thus, it would indeed be ironic to grant relief based upon these orders after decedent’s death by which time the matrimonial action had abated (Cornell v Cornell, 7 NY2d 164).
Furthermore, under all of the facts and circumstances of this case, it is questionable whether the pendente lite orders entered on August 31, 1992 and April 16, 1993 were ever intended to enjoin the decedent from changing the beneficiary of the death benefit at issue. Neither of the orders contains the words “death benefit”. Moreover, although the orders did restrain the decedent from “reducing, encumbering, transferring or allowing invasion” of his pension as well as from “encumbering * * * other marital assets”, changing the designation of the beneficiary of the death benefit that was payable in the event that the decedent died while still employed did not, under a narrow reading, “reduce, encumber, transfer or allow an invasion” of the death benefit because the amount of the benefit remained the same and the decedent retained the right to change the beneficiary again in the future. The language used in the pendente lite orders should be viewed as of the date that the orders were entered. Since November 16, 1993, when the Court of Appeals decided Kaplan v Kaplan (82 NY2d 300), it appears clear that in a matrimonial proceeding the court has the authority to enter an order directing a party not to change the beneficiary of a death benefit which accrued while the party was a member of the New York City Retirement System even though the benefit under the Administrative Code of the City of New York would otherwise be exempt from levy and sale, garnishment, attachment or any other process whatsoever and could not be assigned. Consequently, it might be argued with greater force today that the death benefit at issue is “marital” property or even deemed to be part of the pension benefits. *158 Nevertheless, prior to Kaplan, it was not clear that the court, even in a matrimonial action, could enter a valid restraining order with regard to the death benefit payable as the result of the death of a civil employee covered by an antiassignment statute (Caravaggio v Retirement Bd. of Teachers’ Retirement Sys., supra). Here, inasmuch as the pendente lite orders were entered prior to the Kaplan decision, it is not clear that the court intended that the death benefits at issue be subject to its orders. Thus, it cannot be concluded that these orders enjoined the decedent, a layman, from changing the beneficiary of the death benefit “in language so clear and explicit” as to avoid any reasonable difference of opinion on the subject.
Accordingly, the movant’s motion for summary judgment is denied and the cross movants’ motion is granted.
[Portions of opinion omitted for purposes of publication.]