SOUTHERN RAILWAY COMPANY, Plaintiff, *v.* E. STUART PECK and Others, Sued Herein as Registered Holders of Southern Railway Company-Mobile and Ohio Stock Trust Certificates, and as Representing All Other Owners and Holders of Such Stock Trust Certificates, Defendants, and JACQUES S. COHEN and Others, Sued Herein as Registered Holders of Southern Railway Company-Mobile and Ohio Stock Trust Certificates, and as Representing All Other Owners and Holders of Such Stock Trust Certificates, Intervening Defendants.

Supreme Court, Special Term, New York County, March 30, 1942.

*Shearman & Sterling* [*Walter K. Earle* and *Sidney G. Alderman* of counsel], for the plaintiff.

*DeForest & Elder* [*Frederick M. Schlatter* of counsel], for the defendants E. Stuart Peck and others.

*Ralph Montgomery Arkush*, for the defendants Bernard Ordover and others.

*Ehrich, Royall, Wheeler & Walter* [*Ralph Royall* and *Clinton D. Van Valkenburgh* of counsel], for the defendants William B. Loery and others.

*Frank M. Swacker*, for the defendant Harold Rodner.

*James M. Fawcett*, for the defendants Sade E. L. Osborne and others.

*Percival E. Jackson* [*Theodore Tarlan* of counsel], for the intervening defendants Jacques S. Cohen and others.

*David Bernstein*, for the intervening defendants Harry Jay Chambers and others.

VALENTE, J. In this action plaintiff sought declaratory judgment canceling its liability on certain stock trust certificates. Various defendant certificate holders appeared by counsel and the matter was litigated to the Court of Appeals (287 N. Y. 727). There declaratory judgment was rendered on the complaint as well as on the counterclaim, that plaintiff's liability on the certificates continues in perpetuity.

During the course of the litigation plaintiff obtained stays from the appellate courts with respect to payments then accruing on the certificates, conditioned on deposit of the sums thus due to abide the event, which deposit has been made by plaintiff in compliance therewith.

The successful parties now move for allowances of counsel fees to counsel who have contributed to the successful result herein, directing that such fees as so allowed be paid out of the sums so deposited to the credit of this action and now held by J. P. Morgan & Co., Inc., subject to the order of this court; directing that the balance of the moneys, after deducting the allowances, be paid to the certificate holders " as their interest may appear; " and directing entry of judgment upon the remittitur of the Court of Appeals accordingly.

The court cannot agree with the plaintiff's contentions that this action was not a class action and that no fund was preserved or created. The parties at all times treated this action as a class suit, affecting all the defendants and all the certificate holders similarly situated as a class. The summons named the defendants, and the intervening defendants, as " registered holders, etc., and as representing all other owners and holders of such stock, etc." The action is truly representative. (*Sprague* v. *Ticonic Bank*, 307 U. S. 161.)

When judgment was rendered at Special Term, it was unaccompanied by any stay. The defendants were then at liberty to institute suits against the plaintiff to recover the payments payable due upon the certificates, as some of them threatened and had the right so to do. The plaintiff desiring to avoid such actions obtained stays pending the appeals to the appellate courts, upon the condition that the amounts due be deposited to the credit of this action. The plaintiff was thus forced to bring this money belonging to the certificate holders into this court as a direct result of the services rendered by counsel.

There is authority that allowances be granted in such cases, if not out of a specific fund or *res*, then by proportionate contribution from the class of persons benefited. (*Woodruff* v. *New York., L. E. & W. R. R. Co.*, 129 N. Y. 27; *Trustees* v. *Greenough*, 105 U. S. 527; *Wallace* v. *Fiske*, 80 F. [2d] 897; *Lamar* v. *Hall & Wimberly*, 129 Fed. 79; *Sprague* v. *Ticonic Bank, supra.*)

The case of *Runcie* v. *Bankers Trust Co.* (16 N. Y. Supp. [2d] 917), cited by counsel in opposition to granting allowances, is distinguishable from the case under consideration. There the action was by minority stockholders against several New York banks and their directors for an injunction restraining them from carrying insurance in Lloyd's of London prohibited by section 50-a (now § 332) of the Insurance Law, and for an accounting. The court granted the injunction, but dismissed that part of the complaint which sought an accounting. There no property was brought into court, nor was any property preserved as a result of the action.

In the present case the defendant certificate holders, who privately employed counsel in the proceeding, should not be charged with a proportionate share of allowances chargeable against the deposited funds.

The conclusion of the court being that allowance of counsel fees may, and should be, made out of the deposited funds held by J. P. Morgan & Co., Inc., there remains to be considered the offer made by the plaintiff to pay into court the sum of $40,000 to be used to pay such allowances on condition that the deposited funds are thereby completely exonerated, so that they may be distributed to the certificate holders without being assessed or diminished to any extent whatever.

While the motive for this offer may be in part to avoid further litigation with certificate holders who might claim to be aggrieved by not receiving the full amount of the installments due them upon the certificates, it is, nevertheless, self-interest of an enlightened character which is highly creditable to the offerer.

The sum tendered is, in the opinion of the court, fully adequate for the compensation of all the counsel who have contributed to the successful result herein and whose allowances would otherwise be charged against the fund, and that being so, plaintiff's offer is accepted by the court, and upon the payment thereof the funds deposited with J. P. Morgan & Co., Inc., will be exonerated.

Settle order and judgment of modification, in accordance herewith.