STEPHANIE L. NEUBERGER et al., O. ALAN ROSE and NORMAN C. NORMAN, on Their Own Behalf and on Behalf of All Other Stockholders of Union Carbide & Carbon Corporation, Plaintiffs, and BERTHA HOROWITZ, Intervener, Plaintiff, v. WILLIAM F. BARRETT et al., Defendants.

Supreme Court, Special Term, New York County, December 26, 1942.

*Edward Ross Aranow,* general counsel for plaintiffs.

*Neidle & Taylor* for O. Alan Rose, plaintiff.

*Joseph Nemerov* and *Milton I. Milvy* for Norman C. Norman, plaintiff.

*Abraham L. Pomerantz* for intervener, plaintiff.

*Joseph M. Proskauer, J. Alvin Van Bergh, Ashley T. Cole* and *Jerrold G. Van Cise* for defendants.

ROSENMAN, J. This is an application for an allowance of counsel and accountants' fees and expenses, made by all the plaintiffs and by the intervener-plaintiff in this derivative stockholders' action. There is also an application for counsel fees incurred by the individual defendants, who are directors and officers of the corporation involved in the defense of the action.

The case was settled on the eve of trial with the approval of the court after a hearing attended by the attorneys for all the parties, and after another hearing held before the court on due notice to all the stockholders of the corporation at which an opportunity was afforded for any stockholder to be heard. The settlement involved a financial benefit to the corporation consisting of a present amount of $653,744.72 plus an indeterminable amount of saving for the future.

The law has always been clear that when plaintiffs, in a derivative suit such as this, create a fund for the benefit of a corporation they are entitled to their expenses and reasonable attorneys' and accountants' fees payable out of such fund. Section 61-a of the General Corporation Law, in this respect, is declaratory of the holdings of the earlier cases. The plaintiffs' attorneys and accountants have, by their efforts and by court approval of the settlement, succeeded in effecting a sizable return to the corporate treasury, for which they should be compensated. A stockholders' suit of this kind requires many months of concentrated and skilled work of preparation, exam-

ination, discovery, presentation, and legal and factual research. Consideration must also be given to the fact that the fees here, as in most of these cases, were contingent on some recovery by settlement or otherwise. The attorneys and accountants always took the risk that their time and efforts might go for naught.

Most of the work is generally done before trial, so, even though there was no trial here, I have concluded that $200,000 or about thirty per cent of the fund should be set aside for distribution among those attorneys and accountants who contributed to its creation, plus the sum of $568.35, which is a total of the disbursements incurred in the process.

To divide this sum among the various applicants representing the plaintiffs by trying to appraise not only the amount of work of each, but the effect of their respective efforts on the successful conclusion, is a difficult task. After considering the various affidavits I have decided to divide the allowance of $200,000 as follows:

1. The attorneys and counsel for the named plaintiffs, other than the plaintiff Norman and plaintiff-intervener Horowitz, are allowed sixty-three per cent of the total allowance of fees, plus their disbursements of $524.69.

2. The accountants (Reis & Co), retained by the said attorneys, are allowed ten per cent of such total allowance.

3. The attorney and counsel for the plaintiff Norman are allowed twenty-five per cent of such total allowance to cover their own services and those of the accountants and statisticians retained by them.

4. The attorney for the plaintiff-intervener Bertha Horowitz is allowed two per cent of such total allowance, plus his disbursements of $43.66.

With respect to the request for fees, made by the attorney and counsel for Taylor, section 61-a confines the award, whether by success in the suit or settlement of the suit, to party plaintiffs or party defendants and no others. Their client never became a party to the suit, despite his intimate connection with the progress of it. Intervention was permitted only for the purpose of appealing from the judgment entered on the settlement. This appeal was subsequently discontinued. Under the circumstances I do not think an allowance is authorized.

So far as I have been able to discover, this is the first time an application has been made by defendant directors and officers, after the termination of a derivative action by settlement, for an allowance of counsel fees.

The question as to whether the attorneys and the counsel for the individual defendants are entitled to be paid by the corporation for the legal services rendered by them to the directors and officers and for the expenses incurred during the litigation depends upon the proper interpretation of section 61-a of the General Corporation Law, adopted in 1941 (ch. 350).

The defendants make the point that there were findings by the court (1) that the adoption of the incentive plans "was valid," and (2) that "the defendants have been exonerated of wrong-doing as to most of the plaintiffs' causes of action," since the court found that the administration of all the incentive plans except one was proper. They also urge that the power to make an award under section 61-a of the General Corporation Law should be exercised here, since "the defendants, by making the settlement herein, have substantially contributed to the corporate welfare."

As to the first claim: No such finding was made by this court in its memorandum upon the settlement of this action. There was no necessity therefor, because the incentive plans, as such, were never attacked. The items attacked were the administration of such plans, the computations made and the action taken by the chief executives under the plans (Paragraphs " Fourteenth, " " Fifteenth, " " Sixteenth, " " Seventeenth " of the original complaint; Paragraphs " Fourteenth," " Fifteenth," " Eighteenth " of the consolidated and amended complaint; Paragraphs " Nineteenth," " Twenty-third," " Twenty-fourth," " Twenty-fifth " of the second consolidated and amended complaint; Paragraphs " 10," " 13," " 15," " 16," " 22 " of the third consolidated and amended complaint). This was pointed out in the court's memorandum of June 25 as follows: " No contention is made by plaintiffs that the corporation did not have the power to promulgate and adopt the various employee incentive plans * * *. The complaint with respect to the 1935 plan is that it was not properly administered * * *. The [1937] plan provided annuities to the top executives which the complaint alleges were not warranted * * *. The plaintiffs claim [under the 1838 plan] that the sales prices were too low, " et cetera (N. Y. L. J., June 26, 1942, at p. 2684).

As to the second claim: No finding was made by the court that defendants were either guilty or guiltless of any of the charges of mismanagement and waste as set out in the complaint. Upon the proposed settlement this court's function was to ascertain whether the purchase by the defendants of their peace under

the terms thereof was fair to all parties, including the corporation as a major concern. In approving such settlement of the suit this court made no determination of fact or law with respect to the acts of the defendants — one way or the other. It merely weighed the claims of plaintiffs and defendants, discussed the merits of their respective contentions and the possibility of proof in relation thereto, and determined that the offer of settlement under all the circumstances was fair and reasonable — entitled to judicial sanction. There was no finding by the court of legal liability or of absence of legal liability on the part of any defendant. By the settlement, defendant executives gave up certain rights and privileges obtained by them previously under the 1937 retirement plan.

Before the enactment of section 61-a of the General Corporation Law, the few cases which arose in this jurisdiction involved the propriety of payment by the corporation of the directors' legal and other expenses in stockholders' suits only where there had been a judicial determination of the issues involved — either in favor of the directors or against them.

It has been made clear in our case law that where directors have been unsuccessful in their defense and judgments have been rendered against them, they cannot look to the corporation for reimbursement of legal or other expenses (*Apfel* v. *Auditore*, 223 App. Div. 457, affd. without opinion 250 N. Y. 600; *Godley* v. *Crandall & Godley Co.,* 153 App. Div. 697, mod. 212 N. Y. 121; *Godley* v. *Crandall & Godley Co.,* 181 App. Div. 75, affd. 227 N. Y. 656; *Monahan* v. *Kenny,* 248 App. Div. 159, and other cases cited in "The Counsel Fee in Stockholders' Derivative Suits," 39 Col. Law Review, 734, p. 816). The only exception would seem to be where some direct benefit accrued to the corporation itself as distinguished from the directors (see *Godley* v. *Crandall & Godley Co., supra*).

Where the director was successful, however, a different question arose. Even here, the best reasoned opinion in this State, and one which collates the various authorities — that of former Court of Appeals Judge CROUCH (sitting as referee) in *New York Dock Co., Inc.,* v. *McCollum* (173 Misc. 106) — concludes that reimbursement should not be allowed to a successful director. It was in all probability the conclusions reached in that decision which caused the enactment of the present section 61-a of the General Corporation Law. The referee in that case decided: (1) That there is no legal obligation on the part of the corporation to reimburse a successful director; (2) that there is no equitable consideration for granting such reimbursement

for litigation is one of the risks attendant on directorships, like the risk taken by an officer of a municipal corporation; but (3) that where a director can show that "in conducting his own defense successfully he has conserved some substantial interest of the corporation which otherwise might not have been conserved or has brought some definite benefit to the corporation which otherwise might have been missed," the court may grant reimbursement. The referee stated that he was not very clear, however, as to how the successful defense of a director could ever benefit the corporation because, as he said, the corporation is usually only a nominal defendant which stands to benefit only if the plaintiff stockholder wins. If it is more than a nominal defendant, as it would be, for example, if a receivership or reorganization were being asked for, then, the referee states, its interests would be looked after by its own counsel and not by the counsel for the individual directors.

But the referee did point out that no substantial benefit accrued to the corporation merely from the successful defense made by the directors in the stockholder's action; that the complaint attacked the directors and not the corporation, and that the defense interposed by the directors was for their own benefit rather than the benefit of the corporation which had its own counsel.

Although other jurisdictions may permit such reimbursement (viz., *Solimine* v. *Hollander*, 129 N. J. Eq., 264), the *McCollum* case seems to represent the New York law until section 61-a was adopted. (See Washington, "Corporate Executives' Compensation," chapter 17.)

The Legislature in enacting section 61-a made a distinction between "successful prosecution or defense" of a derivative stockholder's suit and a settlement of such a suit. In the former it apparently wished to make certain that the conclusion reached in the *McCollum* case was changed, and therefore it directed that the reasonable expenses be paid where the directors had been judicially exonerated from liability. But with respect to a settlement, the provision of the statute is that the expenses "shall be assessed upon the corporation in such amount as such court *shall determine and find to be reasonable in the circumstances.*" (Italics by the court.)

The distinction between the two classes of cases and the difference in the language used make it discretionary with the court as to whether any counsel fee should be granted in the case of a settlement, and that the exercise of discretion should depend upon the circumstances of each case. (See the discus

sion in chapter 20 of Washington " Corporate Executives' Compensation. '')

I do not think that the circumstances of this settlement show any benefit to the corporation itself which, in the exercise of judicial discretion, would warrant the payment by the corporation of the attorneys' fees of the individual defendants.

If it be urged that even the defense of the administration of the incentive program (as distinguished from the program itself) was of benefit to the corporation, the fact is that the corporation had its own counsel here (as was the fact in the *McCollum* case, *supra*), whom it presumably has paid or will pay, who was charged with the duty of protecting the interests of the corporation, and whose task it was to defend the corporation's incentive plan.

It is true that a settlement is no admission of wrongdoing, or even of legal liability. On the other hand, it is no exoneration; it is no determination that liability does not exist. In this case the defendants who seek to have the corporation pay their counsel were charged in the complaint with liability with respect to three different incentive compensation plans. While the plaintiffs' case was much stronger with respect to one of the plans than the two others, they were all settled at one time. There was no exoneration either by the plaintiffs or by the court as to any of the charges.

The facts that the offer of settlement gave notice that " counsel for the individual defendants intend to apply to the court '' for counsel fees and that the court should retain jurisdiction " for the purpose of determining and passing upon all applications for attorneys and counsel fees  *  *  * '' are no reason for granting such application if the fees should not be allowed. Such facts can have no effect upon the court's judgment in that regard. There never was an express or implied condition at any time that the offer was in any way contingent on the allowance by the court of counsel fees for either side.

The conclusion here reached does not consider the reasonableness of the amount sought as the fee of the defendants' attorney and counsel. They are eminent counsel, who expertly represented their clients' interest and who upheld the best traditions of the Bar in their frankness with the court in all the aspects of the case. They are, of course, entitled to full compensation. All that is being decided here is that the corporation should not be the one to pay. Settle orders.