THEODORE DRIVAS, Appellant, *v.* NICHOLAS C. LEKAS et al., Respondents, et al., Defendants.

THEODORE DRIVAS, Individually and on Behalf of All Other Stockholders of LEKAS & DRIVAS, INC:, Similarly Situated, Appellant, *v.* NICHOLAS C. LEKAS et al., Respondents.

Argued November 30, 1943; decided March 10, 1944.

*Benjamin Reass, Julien W. Newman* and *Irving Moldauer* for appellant. I. Upon the found and approved facts and because of the malicious acts of the defendants Lekas and Katsoris that frustrated and destroyed the voting trust plan, plaintiff is entitled to have the voting trust provisions of the settlement agreements nullified and his stock returned to him, or Lekas & Drivas, Inc. dissolved or both. (*Harrington* v. *Harrington,* 290 N. Y. 126; *Kroger* v. *Jaburg,* 231 App. Div. 641; *Kavanaugh* v. *Kavanaugh Knitting Co.,* 226 N. Y. 185; *Matter of Kaufman Circle Express Co., Inc.,* 177 Misc. 106; *Tower Hill Connellsville Coke Co.* v. *Piedmont Coal Co.,* 64 F. 2d 817, 290 U. S. 675; *Henry* v. *Ide,* 208 Ala. 33; *Red Bud Realty Co.* v. *South,* 153 Ark. 380; *Saltz Bros., Inc.* v. *Saltz Bros.,* 84 F. 2d 246, 299 U. S. 567; *Nashville Packet Co.* v. *Neville,* 144 Tenn. 698.) II. Upon the undisputed facts, the corporation's breach of plaintiff's employment contract with it, brought about intentionally and unjustifiably by the malicious acts of the defendants Lekas and Katsoris, entitles the plaintiff to judgment against said defendants and renders them personally liable for damages. (*Kirke La Shelle Co.* v. *Armstrong Co.,* 263 N. Y. 79; *O'Neil Supply Co.* v. *Petroleum H. & P. Co.,* 280 N. Y. 50; *Matter of Casualty Co.* [*Bliss Co. claim*], 250 N. Y. 410; *Berger* v. *Urban Motion Picture Industries, Inc.,* 206 App. Div. 379; *McClelland* v. *Climax Hosiery Mills,* 252 N. Y. 347; *Nau* v. *Vulcan Rail & Construction Co.,* 286 N. Y. 188; *Lamb* v. *Cheney & Son,* 181 App. Div. 960, 227 N. Y. 418; *Campbell* v. *Gates,* 206 App. Div. 684, 236 N. Y. 457; *Hornstein* v. *Podwitz,* 254 N. Y. 443.) III. Upon the findings unanimously affirmed by the Appellate Division and the uncontro-

verted facts, plaintiff as a matter of law is entitled to recover of the defendants Lekas and Katsoris, for the benefit of the corporation, the sum of $5,650 fraudulently diverted to themselves under the guise of salary increases and bonuses. Plaintiff is entitled to a judgment against the corporation for the full balance of his salary for 1935, 1936, and the first two months of 1937, aggregating the sum of $6,583.33. (*Schall* v. *Althaus*, 208 App. Div. 103.) IV. The courts below erred in failing to direct the defendants Lekas and Katsoris to account for several items. V. The trial court's award of $1,214.57 damages in favor of the corporation should be reinstated. The trial court's award to the plaintiff of $600 damages should be reinstated. VI. The assessment of $3,000 damages was proper, except that the amount was inadequate. The application for additional allowances should have been granted. VII. The voting trust provisions are illegal and void as a matter of law. (*Elyea* v. *Lehigh Salt Mining Co.*, 169 N. Y. 29; *Matter of Petition of Argus Co. et al.*, 138 N. Y. 557; *Wylie* v. *Addoms*, 268 N. Y. 160; *Matter of Morse* [*Bank of America*], 247 N. Y. 290; *McQuade* v. *Stoneham*, 263 N. Y. 323; *Manson* v. *Curtis*, 223 N. Y. 313; *Morel* v. *Hoge*, 130 Ga. 625; *Venner* v. *Chicago City Railway Co.*, 258 Ill. 523.)

*Brison Howie, Aristotle Souval* and *Samuel Kaufman* for Nicholas Katsoris and another, respondents. I. No facts have been found by the lower courts to warrant rescission of the voting trust or dissolution of the corporation. (*Callanan* v. *K., A. C. & L. C. R. R. Co.*, 199 N. Y. 268; *Rosenwasser* v. *Blyn Shoes, Inc.*, 246 N. Y. 340; *Clarke Contracting Co.* v. *City of New York*, 229 N. Y. 413; *Brofsky* v. *Hempstead Surgical Co., Inc.*, N. Y. L. J., December 3, 1942.) II. Appellant's claim that upon the undisputed facts the corporation's breach of his employment contract was brought about intentionally and unjustifiably by malicious acts of the respondents is unjustified; the individual defendants cannot be personally charged with the alleged breach of his employment contract. (*Hornstein* v. *Podwitz*, 254 N. Y. 443.) III. The salary increases received by Lekas and Katsoris were not improper, and no fraudulent diversion of any moneys resulted. Appellant's salary for 1935 and 1936 and for the first two months of 1937 has been fixed by the lower courts, and there can be no review of that

fact question. (*Gallin* v. *National City Bank of New York*, 152 Misc. 679.) IV. In the absence of any proof of loss or detriment to the corporation, the lower courts properly refused to direct any accounting as to miscellaneous petty cash items. V. The reversal by the Appellate Division of the Trial Court's determination on the question of the employment by the corporation of a detective, was properly made. The refusal to permit appellant to audit books which resulted in the mandamus action was a corporate act, and the reversal of the award against respondent Lekas was proper. VI. The Appellate Division properly reversed the trial court's assessment of appellant's legal expenses against the individual respondents. (*Marvin* v. *Prentice*, 94 N. Y. 295; *Bishop* v. *Hendrick*, 82 Hun 323, 146 N. Y. 398; *Rollin* v. *Grand Store Fixture Co., Inc.*, 231 App. Div. 47; *Winthrop Chemical Co., Inc.* v. *Blackman*, 159 Misc. 451.) VII. The voting trust agreement is valid. (*Kittinger* v. *Churchill Evangelistic Association, Inc.*, 151 Misc. 350, 244 App. Div. 876.)

*Louis Schack, James Madison Blackwell* and *Louis S. Lewis* for Lekas & Drivas, Inc., respondent. I. Plaintiff's employment under the 1937 agreement was justifiably terminated. The Appellate Division properly reversed the judgment insofar as it provided for plaintiff's re-employment. II. The plaintiff is not entitled to any salary in addition to the $750 awarded for the period up to June 30, 1935.

*Louis Schack, Louis S. Lewis* and *Edwin A. Lewis* for James M. Blackwell and others, respondents. I. The voting trust agreement is valid. (*Matter of Morse* [*Bank of America*], 247 N. Y. 290; *Kittinger* v. *Churchill Evangelistic Association, Inc.*, 151 Misc. 350, 244 App. Div. 876.) II. The plaintiff, by his own conduct, has ratified and affirmed the voting trust agreement. (*Brennan* v. *Nat. Equitable Investment Co.*, 247 N. Y. 486.) III. The voting trust plan has not been frustrated and destroyed. It has operated to the benefit of the plaintiff as well as the other stockholders.

*Per Curiam:* Where the record contains substantial evidence supporting findings made at Special Term and which are unreversed by the Appellate Division, those findings are conclusive in this court. (*Harrington* v. *Harrington*, 290 N. Y. 126,

130.) In the record before us are unreversed findings, supported by substantial evidence, that the plaintiff's employment contract dated March 1, 1937, has not been terminated by the defendant Lekas & Drivas, Inc.; that at a meeting of the corporation's board of directors held on May 20, 1938, formal action was taken, which has not been rescinded, with respect to the plaintiff's employment contract dated March 1, 1937, which action directed the plaintiff to remain in the United States. We conclude that the plaintiff's employment contract of March 1, 1937, remains effective and that plaintiff is entitled to his salary to the date of final judgment in the present consolidated action, after which date his services under his employment contract shall continue to be subject to direction by the board of directors or by a duly authorized representative of the corporation.

There are also unreversed findings, supported by substantial evidence, that without authority of the board of directors the individual defendants Lekas and Katsoris arranged for payment to themselves, from corporate funds, of increased salaries for the years 1935 and 1936, and of payment to Michael Katsoris of an amount in excess of the salary to which he was entitled for the year 1935. These salary increases, which aggregated $5,650, were an unauthorized diversion of corporate funds which should be returned by the defendants Lekas and Katsoris to the corporation.

We think the Appellate Division erred in striking from the resettled judgment of Special Term paragraphs 4 and 5 (a) which awarded to the plaintiff against the defendant Lekas the sum of $600. The weight of evidence favors the finding by Special Term that a counsel fee in that amount was reasonable and that the plaintiff was justified in expending that amount in the successful prosecution against the corporation of a mandamus proceeding which would not have been prosecuted except for false statements made by Lekas to the directors of the corporation.

The judgment entered upon the order of the Appellate Division should be modified in the following particulars and otherwise affirmed, without costs:

(1) Decretal paragraph " 2 (c) " should be reversed and the case remitted to Special Term to determine the amount due

the plaintiff, from the defendant Lekas & Drivas, Inc., under his employment contract dated March 1, 1937;

(2) Judgment should be directed against the individual defendants Lekas and Katsoris in favor of the plaintiff in behalf of the defendant Lekas & Drivas, Inc., in the amount of $5,650, with interest;

(3) Insofar as it fails to include therein paragraphs 4 and 5 (a) of the resettled judgment of Special Term, the judgment entered upon the order of the Appellate Division should be reversed and paragraphs 4 and 5 (a) of the resettled judgment at Special Term should be affirmed.

The judgment of the Appellate Division should be modified in accordance with this opinion, and as so modified affirmed, without costs. (See 292 N. Y. 718.)

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly.