THEODORE DRIVAS, Plaintiff, *v.* NICHOLAS C. LEKAS et al., Individually and as Alleged Substitute Voting Trustees, et al., Defendants.

THEODORE DRIVAS, Individually and on Behalf of Other Stockholders of LEKAS & DRIVAS, INC., Similarly Situated, Plaintiff, *v.* NICHOLAS C. LEKAS et al., Defendants.*

Supreme Court, Special Term, Kings County, May 24, 1944.

568

*Hirsh, Newman, Reass & Brown* for plaintiff.

*James Madison Blackwell* and *Louis S. Lewis* for Lekas & Drivas, Inc., defendant.

*Cardozo & Nathan* for Nicholas C. Lekas and another, defendants.

F. E. JOHNSON, J. In this stockholder's action the plaintiff, who sued individually and on behalf of other stockholders in the corporation, seeks an allowance under section 61-a of the General Corporation Law, and the defendant directors likewise apply for an allowance. There seems to be no interpretation of this section on whether both sides to the litigation can obtain allowances, which may be due to the fact that the statute is relatively recent. The theory upon which the plaintiff applies is that the Court of Appeals has decided that $5,650 should have been awarded to the corporation, payable by the two defendant directors, and that since he has been " successful in part ", the statute contemplates granting an allowance under such circumstances (292 N. Y. 204, motion for reargument denied 292 N. Y. 718).

It is apparent that the plaintiff's position now is the same as if the trial court had made the $5,650 award, since the effect of the Court of Appeals ruling is to amend the trial judgment *nunc pro tunc* by sending the case back to the Special Term to implement that appeal decision by enlarging the judgment in the manner that the trial court should have done originally. That this additional provision in the judgment is at the direction of the Court of Appeals does not alter the fact that when so recast the result will be the same as if that award had been originally made by the trial court.

There does not seem to be any real doubt about the power to make the allowance, or the propriety of making one to a plaintiff who has been " successful in part " in his attempt to restore money to the corporation. The objection is that compared to the claims that were made by the plaintiff the success was trivial, and that the extent of his failure ought to be considered in fixing the fee. The statute does not indicate that this is the test under which either an allowance is to be granted or the amount of it is to be fixed; it seems to provide that any measure of success permits an allowance on the basis of the success, without reference to the degree of failure.

If plaintiff's counsel cannot obtain an allowance where plaintiff wholly fails, he has in effect conducted a contingent suit for a contingent fee; therefore, when he has some success, he ought to be entitled to invoke those principles for measuring contingent fees used in other actions. It seems proper, therefore, to award what would be allowed in the usual contingent case, namely, $2,825, or half of the recovery.

It is objected that the failure of the Appellate Division or the Court of Appeals to give the plaintiff any relief on his appeal from that part of the trial judgment which refused him an allowance stands in the way of now granting one. The answer to that should be that the substantial amount awarded the corporation by the judgment was not considered by the Appellate Division and the Court of Appeals; therefore, the propriety of refusing an allowance could not there be the subject of decision when neither court then had before it a judgment showing success " in part ". The Court of Appeals decision did not say or imply that an application for an allowance would be improper after the $5,650 was added to the judgment; it would be premature for that court to make any comment on a subject not before it, i. e., an application in the future for allowance on the basis of that recovery.

The more troublesome problem arises on the application of the defendant stockholders, directors and officers; they have been successful in part in their defense of this suit, and they have defeated a far larger percentage of the plaintiff's claim than they have failed to defeat. The plaintiff sought to get from them large sums of money on many separate items, each of which might have been a cause of action, and each of which could have been the subject of an individual suit, though all were grouped together. The plaintiff asked for money judgments to be awarded the corporation against these defendants on each of these claims aggregating over $50,000. As to all but one of these claims plaintiff has failed, and defendants have successfully defended themselves, and it was decided that the corporation should not have any money from them on any of these items. The fact that they defeated these claims (because they were not proven by a preponderance of evidence) does not alter the fact that they did defeat them in the manner prescribed by law.

The suit by the plaintiff against these defendants was an attempt to get money for the corporation, and the items in which he failed of proof represent his failure to benefit the corporation; their success in defeating him on these items benefits only themselves. Their entire position was defensive, and they did not affirmatively seek to benefit the corporation financially, so their success was against the corporation, not for it. They were successful in not having to give the corporation money which he claimed they had illegally deprived the corporation of; the net result of the whole litigation, so far as the corporation is concerned, was that the plaintiff succeeded in benefiting the corporation $5,650, and nothing that the defendants achieved or attempted benefited the corporation in any respect.

The statute, although it is too new to have had much interpretation, seems on the face of it to be one intended to reward out of the corporate treasury those who have either brought money to the treasury or prevented others from taking money out of the treasury; these defendants are not in either position.

In the present suit our Appellate Division said (265 App. Div. 1003, 1004) : '' Reasonable construction of this section suggests as a basis for these allowances a successful prosecution resulting in a *substantial benefit to the corporation.*'' (Italics supplied.) If the benefit to the corporation is the test, as seems to be thus indicated, these defendants do not show that their success has benefited the corporation.

In *Neuberger* v. *Barrett* (180 Misc. 222, 226) it was decided: " It has been made clear in our case law that where directors have been unsuccessful in their defense and judgments have been rendered against them, they cannot look to the corporation for reimbursement of legal or other expenses. * * * The only exception would seem to be where some direct benefit accrued to the corporation itself as distinguished from the directors * * * ."

That court approved the language in *New York Dock Co., Inc.*, v. *McCollum* (173 Misc. 106, 111) that where a director can show " that in conducting his own defense successfully he has conserved some substantial interest of the corporation which otherwise might not have been conserved, or has brought some definite benefit to the corporation which otherwise might have been missed, the court may " grant " reimbursement ".

The individual defendants in the *Neuberger* case (*supra*) were denied allowances because the court did " not think that the circumstances of this settlement show that benefit to the corporation itself."

The motion of the individual defendants is denied, not in discretion but on the law.