ADOLF GILDENER, Plaintiff, *v.* CORNELIUS F. LYNCH et al., Defendants.

Supreme Court, Special Term, New York County, April 3, 1945.

*William E. Friedman* and *Leon Cominez* for plaintiff.

*Harry Bijur* for Cornelius F. Lynch, defendant.

*Lester H. Sisskin* for Lynch & Gildener, Inc., defendant.

McNALLY, J.   This is an application for an allowance of compensation for services rendered in a litigation in the nature of a stockholder's derivative action, tried at Special Term in the March, 1945, term of court, the plaintiff being the successful party therein.   The defendant Lynch, a 50% stockholder in the corporation Lynch & Gildener, Inc., resists the application on the ground (1) that the plaintiff is not entitled to an allowance because the complaint did not specifically demand it, although the complaint did demand the costs of the action as well as such other and further relief as may be just and proper, (2) that no fund against which such allowance may be charged was produced, and (3) that the corporation derived

no benefit from the litigation by reason of the fact that the Commercial Rent Control Act which became law January 24, 1945 (L. 1945, ch. 3), made the defendant corporation a tenant by operation of law, and that as long as the tenant continued to pay the rent to which the landlord was entitled under the provisions of the Rent Control Act the tenant could not be removed from the commercial space which it occupied, regardless of the fact that the lease under which it was a tenant would expire on April 30, 1945.

With reference to the first ground, section 61-a of the General Corporation Law grants these additional costs as a matter of right to the successful party, and a demand therefor in the complaint is not a prerequisite under the statute. That section provides: " In any action, suit or proceeding against one or more officers or directors, or former officers or directors, of a corporation, domestic or foreign, brought by the corporation, or brought in its behalf by a receiver or trustee or by one or more stockholders or the creditors or officers or directors of such corporation, and whether brought under the provisions of this article or otherwise, the reasonable expenses, including attorneys fees, of any party plaintiff or party defendant incurred in connection with the successful prosecution or defense of such action, suit or proceeding shall be assessed upon the corporation ".

The statute by its terms makes the only test for the granting of the allowance that of success in the prosecution of the action.

In *Matter of Bailey (Bush Terminal Co.)* (265 App. Div. 758, 761) the court held: " While section 61-a is found in the General Corporation Law, it is by its terms made a part of the cost statutes of the State and in determining the meaning of terms used therein, it must be assumed that they are used in the same sense as in the Civil Practice Act which makes general provisions for the same subject." This holding, and a similar ruling in *Hayman* v. *Morris* (37 N. Y. S. 2d 884, 891), wherein the court held that attorney's fees allowed under section 61-a of the General Corporation Law were to be regarded and treated as being in the nature of costs and taxable as such, make it clear that applications for additional allowances are considered the same as statutory taxable costs to be included in the judgment, and accordingly the successful party is entitled to them regardless of whether they were specifically demanded in the complaint or not, all the more so in view of the demand in the complaint for costs and for such other relief as might be just and proper.

With reference to the defendants' second contention, the lease which was the subject of the instant litigation was executed without the knowledge of the defendant corporation or the plaintiff. By the secret procurement of the lease the defendant Lynch might well have destroyed the business of the defendant Lynch & Gildener, Inc., and might well have wrongfully acquired for himself and the defendant Barker Butter Co., Inc., the property, business and good will of the defendant Lynch & Gildener, Inc. The principle on which allowances in derivative actions are made is that those who share in a benefit produced by one of their number should also share in the expense of producing that benefit. The award depends upon the production of the benefit, and in no sense depends upon the form the benefit may take. (*Bysheim* v. *Miranda,* 45 N. Y. S. 2d 473, 475, and cases therein cited.)

In the case at bar the plaintiff has clearly established by competent proof that the lease recovered for the benefit of the corporation has substantial value by reason of the value of the leasehold itself and also by reason of the relation that it bore to the physical assets, inclusive of machinery and the good will of the corporation.

The last contention, that the Commercial Rent Control Act gave the defendant corporation the same rights as it would have under the lease recovered for the benefit of the corporation, is without merit. The defendant corporation by the terms of the new lease has additional space for a stated term at a stipulated rental, it is not subject to proceedings under the Commercial Rent Control Act to increase its rent during the period of the lease, the new lease runs to 1948, almost two years beyond the period covered by the Commercial Rent Control Act (L. 1945, ch. 3, § 14), and the defendant corporation has the additional sense of security and all the other incidental advantages of a tenant by lease as against the rights of a holdover tenant who holds over by operation of law (L. 1945, ch. 3, § 8, subds. [a], [b], [c], [d], [e]). Furthermore, when this litigation was commenced, the Commercial Rent Control Act had not become law, and the stockholder who is plaintiff herein by necessity was forced to put his best foot forward in an endeavor to protect the corporation from the disloyal acts of the corporate officer and director who had breached his fiduciary relationship.

Accordingly, the motion is granted to the extent indicated in the judgment which has been signed.