Cohn, J.
(dissenting). The court was without power summarily to assess counsel fees or to direct a reference for that purpose. Nor could summary jurisdiction to assess fees be conferred upon the Special Term by the contract between the foreign receiver and Mountbreak Corporation. While it is the law that where representatives of a class'have created or preserved a fund for the benefit of the class, they, and their attorneys, are entitled to have their costs and fees m9.de a charge upon *325 the fund (Trustees v. Greenough, 105 U. S. 527; Sprague v. Ticonic Bank, 307 U. S. 161; Hornstein on The Counsel Fee in Stockholder’s Derivative Suits, 39 Col. L. Rev. 784, 789), there is no authority which would permit allowance of counsel fees in a suit not prosecuted to judgment or in an action settled without approval of the court asked to assess the fees. The rule in this State appears to be well grounded that counsel fees may be recovered in a derivative stockholder’s suit only when the action has been successfully prosecuted to judgment or when it has resulted in a settlement judicially approved by the court petitioned to determine the allowances. (Neuberger v. Barrett, 180 Misc. 222, 223; Bysheim v. Miranda, 45 N. Y. S. 2d 473, 475.) Section 61-a of the .General Corporation Law pertaining to the assessment of expenses in actions brought on behalf of a corporation provided in part as follows: “ * * * if any such party or parties shall be successful in part only, or if such action, suit or proceeding shall be settled with the approval of the court having jurisdiction thereof, the reasonable expenses, including attorneys fees, of any or all such parties shall be assessed upon the corporation in such amount as such court shall determine and find to be reasonable in the circumstances * * * .” (Emphasis ours.)
This section was repealed by Laws of 1945, chapter 869, section 2, upon recommendation of the Law Revision Commission. The notes of the commission (N. Y. Legis. Doc., 1945, No. 65 [E]) state: “ All of the essential provisions of section 61-a which regulate the granting of allowances in actions brought on behalf of a 6 corporation are incorporated in new sections 64-67, inclusive, except the provisions of section 61-a which relate to allowances to parties plaintiff. Those provisions have been eliminated as unnecessary. To the extent that the present section 61-a applies to parties plaintiff, it has been held to be declaratory of the common law (Neuberger v. Barrett, 180 Misc. 222 [1942]; Bysheim v. Miranda, 45 N. Y. S. [2d] 473. [1943]). Section 5 of this bill expressly preserves the power of the court with respect to parties plaintiff.”
Where, as here, an action has been settled without the approval of the court, the representative stockholder must obtain compensation, if at all, in an independent suit and not by a summary application. (Hornstein on The Counsel Fee in Stockholder’s Derivative Suits, 39 Col. L. Rev., 807, n.; Meighan v. American Grass Twine Co., 154 F. 346.) The provision in the contract of sale between Chosen Corporation and the Mountbreak Corporation executed in England by which *326 Mountbreak undertook to pay any counsel fee which might be awarded in the American court did not confer summary jurisdiction upon the court to proceed by motion. If there be a breach of that contract, respondents’ remedy would be by a plenary suit for the payment of the fees of respondents’ counsel. In such an action, respondents would be required to establish that they had conferred a benefit upon the corporation; that the corporation was obliged in ■ equity to reimburse them for the expenses incurred in the creation of that benefit and that Mountbreak, having assumed the corporation’s obligations, is liable for their fees. There is no authority for the enforcement of a contractual obligation by motion. To require the Supreme Court of this State on motion to make an allowance for counsel fees to plaintiffs in a derivative stockholder’s suit on the basis of a settlement made and judicially approved in England, finds no sanction in law or in precedent.
Accordingly, I dissent and vote to reverse the order and to deny the motion to appoint a referee to assess counsel fees and to direct that the foreign receiver be joined as a party upon the ground that in the circumstances of this case respondents’ remedy against appellants is by plenary suit.
Townley, Glennon and Peck, JJ., concur in Per Curiam opinion; Cohn, J., dissents in opinion in which Martin, P. J., concurs.
Order affirmed, with $20 costs and disbursements, [See post, p. 916.]