NEW YORK CENTRAL RAILROAD COMPANY, Plaintiff, *v.* NEW YORK AND HARLEM RAILROAD COMPANY et al., Defendants.

Supreme Court, Special Term, New York County, November 8, 1948.

*Townley, Chambers & Clarke* for Westchester Fire Insurance Co., defendant.

*Benjamin P. De Witt* for Gilman S. Currier and another, defendants.

*Richard Steel* for Elizabeth Grantz, defendant.

*Joseph Nemerov* for Flora Pfeiffer, defendant.

*Carleton S. Connor* for William H. P. Oliver, defendant.

*Morris Stark* for Ruth Linder, defendant.

*Nathan Shapiro* for Bessie Shapiro, defendant.

*Weinstein & Levinson* for Samuel Kresberg, defendant.

*Edward C. McLean* and *D. Bret Carlson* for New York & Harlem Railroad Company, defendant.

BENVENGA, J. Application for an allowance of counsel fees.

The action was for a declaratory judgment, brought by the New York Central Railroad Company (hereinafter referred to as " Central ") against the New York and Harlem Railroad Company (hereinafter referred to as " Harlem "), to obtain a judicial interpretation of a lease, whereby Harlem granted to Central a long-term lease of substantially all its property, for which Central promised to pay Harlem's taxes and a semiannual sum of $2.50 per share as rental directly to the preferred and common stockholders of Harlem, other than Central, which owned 95% of Harlem's stock.

Some of the larger minority stockholders were joined as defendants, both in their own right and as representatives of a claim — namely, the minority preferred and common stockholders. Others were permitted to intervene.

The complaint sought a judgment declaring that Central was not obligated under the lease to pay the Federal income and excess profits taxes assessed against Harlem; authorizing Central to deduct from the rental payments amounts sufficient to pay such taxes, and restraining the minority stockholders from suing Central for the recovery of any sums which might be deducted from the rental payments due them under the lease.

It was held at Special Term that, under a practical construction of the lease, Central was required to pay Harlem's income and excess profits taxes (see 185 Misc. 420). This determination was affirmed by the Appellate Division (272 App. Div. 870), and the Court of Appeals (297 N. Y. 820).

Counsel for the minority stockholders now apply for an allowance of counsel fees. Both Harlem and Central oppose the application. The question presented is whether such counsel fees may be assessed against Harlem. No allowance under similar circumstances seems heretofore to have been made. At least, no case directly in point has been called to my attention, nor have I found any. Upon principle, it would seem that payment of such counsel fees cannot be imposed upon Harlem.

It is well settled that the complainant in a stockholder's derivative action (i.e., an action brought or maintained by a stockholder

in the right of the corporation) is entitled to be reimbursed for reasonable expenses and attorneys' fees where, as a consequence of the action, a fund is brought into court or a substantial benefit accrues to the corporation (*Drivas* v. *Lekas,* 182 Misc. 567, 570, 265 App. Div. 1003, mod. 292 N. Y. 204, motion for reargument denied 292 N. Y. 718; *Masholie* v. *Salvator,* 182 Misc. 523, 525–526; *Gildener* v. *Lynch,* 184 Misc. 427, 430; *Bysheim* v. *Miranda,* 45 N. Y. S. 2d 473, 475).

The underlying principle is that a person who institutes litigation which creates, increases, or protects a fund or property for the benefit of a class of which he is a member, is entitled to be reimbursed for his reasonable expenses and attorneys' fees out of the fund or property so created, increased or protected, or by proportionate contribution from the class of persons benefited by the action (*Woodruff* v. *New York, Lake Erie & Western R. R. Co.,* 129 N. Y. 27, 30–31; *Atwater* v. *Elkhorn Valley Coal-Land Co.,* 184 App. Div. 253, 259, affd. 227 N. Y. 611; *Southern Ry. Co.* v. *Peck,* 178 Misc. 638, 640; *Gildener* v. *Lynch, supra*).

This principle is embodied in former section 61-a (L. 1941, ch. 350) and present sections 64–67 of the General Corporation Law (L. 1945, ch. 869), governing allowances in such cases (*Neuberger* v. *Barrett,* 180 Misc. 222, 226, 227; *Masholie* v. *Salvator, supra; Drivas* v. *Lekas, supra; Gildener* v. *Lynch, supra;* 1945 Report of N. Y. Law Revision Report, pp. 131–145, 584–588; 47 Col. L. Rev. 24).

Although the authorities are not entirely uniform as to whether the complainant is entitled to reimbursement if the action is nonderivative (see 39 Col. L. Rev. 800), the principle would seem to be applicable to stockholders' representative actions (i.e., an action brought or maintained by a stockholder in behalf of himself and all others similarly situated), provided that, as a result, a fund is brought into court or a substantial benefit accrues to the corporation. At any rate, this seems to be the trend of the recent cases (*Southern Ry. Co.* v. *Peck,* 178 Misc. 638, *supra; Matter of Allen* v. *Chase Nat. Bank,* 180 Misc. 259, 265–266; 47 Col. L. Rev. 25).

It would seem reasonable and equitable that where a fund is brought into court as the result of an action, the stockholder complainant should be reimbursed for his reasonable expenses and attorneys' fees out of that fund (see *Southern Ry. Co.* v. *Peck, supra*). But where no fund is brought into court, it does not seem proper to reimburse the stockholder, unless the corporation has benefited substantially by the bringing of the action (*Matter of Allen* v. *Chase Nat. Bank, supra; Neuberger* v. *Barrett, supra; Gildener* v. *Lynch, supra; Bysheim* v. *Miranda,*

*supra;* 47 Col. L. Rev. 24). Nor does it seem fair to do so where the benefit, in effect, has accrued to the stockholders as a class as distinguished from the corporation, as in the instant case.

It is to be noted that, here, the action was neither a derivative action nor a representative action. It was an action for a declaratory judgment, brought by one corporation against another, to determine their rights under a written lease. The dispute was genuine and legitimate. There was no fraud or collusion in the bringing or maintenance of the action. Central was faithfully and adequately represented by its own counsel. So was Harlem, and so were the minority stockholders. Indeed, counsel for Harlem spared no effort to bring about a successful termination of the action. Nor can there be any doubt that counsel representing the minority stockholders contributed to the victory, even though the efforts of some of them were, to some extent, duplicatory and unnecessary. Even so, they are entitled to be paid. But it does not seem to me that, under the circumstances of this case, Harlem should be required to pay for such services.

Harlem, of course, owed a duty to its stockholders to obtain a judicial declaration of its rights and obligations under the lease. The stockholders, who were third party beneficiaries under the lease, were entitled to participate in the action to protect their own rights. Some of them chose to do so. The judgment, in the final analysis, inured to the benefit of the stockholders, the third party beneficiaries under the lease, in that they will continue to receive dividend rental payments unincumbered by taxes. A judgment to the contrary would have meant a substantial reduction in their income under the lease.

The result might have been different, if the action for declaratory judgment was fictitious and did not involve a legitimate dispute, or if there was fraud and collusion in the bringing or maintenance of the action, or if the officers and directors of Harlem, or counsel employed to represent Harlem, were fraudulently and willfully neglecting the interests of its stockholders (*Casey v. Woodruff,* 49 N. Y. S. 2d 625, 649, and cases cited; 39 Col. L. Rev. 802–804). A different situation might also have been presented if, as a result of the action, a fund had been brought into court out of which the reasonable costs and expenses of the litigation might be paid (see *Southern Ry. Co. v. Peck, supra*). So, whether the stockholders who, as a class, benefited by the victory, should be required to pay any share of the costs and expenses of the litigation, is not before me for decision. The only question is whether, under the circumstances, Harlem should be required to pay such costs and expenses. I do not think so.

The motion is denied.