In the Matter of the Accounting of MARY L. MASS et al., as Executors of HENRY W. MASS, Deceased.

Surrogate's Court, Monroe County, June 12, 1951.

*Abraham G. Francis* and *William J. Maloney* for Esther Pailthorpe, respondent.

*Angelo S. Brindisi,* special guardian for Kenneth Mass, an infant, respondent.

WITMER, S. In this judicial settlement proceeding respondent, Esther Pailthorpe, seeks allowances for her counsel in various proceedings had in this estate during the last five and more years.

The first services for which compensation from the estate is asked consisted of the institution by respondent of a compulsory accounting proceeding herein in 1946. The executors thereupon promptly filed their account. For bringing on such accounting proceeding respondent is not entitled to any allowance for counsel fees, but is entitled to apply for costs and disbursements upon the settlement of the decree herein. (*Matter of Vorndran,* 132 Misc. 611.) This has long been the informal practice in this court.

Respondent, Esther Pailthorpe, also participated in a proceeding to construe the will herein. (*Matter of Mass,* 65 N. Y. S. 2d 93.) Her request for $200 counsel fees in that proceeding is reasonable, and is allowed.

In their account the executors listed some real estate and asked this court to determine certain questions regarding it. Thereafter the executors instituted in the City Court of Rochester an eviction proceeding against respondent, Esther Pailthorpe, to remove her from one parcel of said real estate, and demanded judgment for back rent. The respondent interposed an answer to the action, instituted a partition action in the Supreme Court with respect to said real estate, and moved to consolidate the City Court action therewith, which was done. The executors then moved to dismiss the consolidated action on the ground that this court had already acquired jurisdiction of the matter in this judicial settlement proceeding, and that therefore the Supreme Court should not entertain the action. The Supreme Court granted such motion without costs. Respondent seeks an allowance from the estate for counsel fees for services in those proceedings.

Had respondent moved to dismiss the City Court action for want of jurisdiction, presumably it would have been dismissed with costs; and very little legal work would have been entailed. Having misconceived her remedy and brought the partition action and having the City Court action consolidated therewith, she gave the executors the opportunity to collect their (attorneys') thoughts and move, in effect, to discontinue their own eviction action and dismiss the partition action, with which it had been consolidated, without costs. The steps taken by respondent were unnecessary, as demonstrated by the result.

A litigant ordinarily must pay his own attorney, except for the statutory costs which may be awarded. The Supreme Court having dismissed the action without costs, this court

has no authority to grant an allowance for counsel fees to the plaintiff therein.

Respondent also seeks an allowance for counsel fees in connection with an examination of the executors and an auditor under section 263 of the Surrogate's Court Act, for briefing and arguing the question of the scope of such an examination, which resulted in a decision of this court disclaiming jurisdiction (*Matter of Mass,* 66 N. Y. S. 2d 811), and for instituting an action in Supreme Court against the executors and the executors of testator's surviving partner, since deceased, *et al.* In the latter action the respondent withstood a motion for dismissal before Mr. Justice CRIBB (*Pailthorpe* v. *Tallmann,* 72 N. Y. S. 2d 784) and a trial was had before Official Referee NATHAN D. LAPHAM (*Pailthorpe* v. *Tallmann,* 87 N. Y. S. 2d 822) and an appeal from the latter's decision was affirmed by the Appellate Division (276 App. Div. 823). A trial of another phase of the case was then had before Official Referee NATHAN D. LAPHAM, resulting in a decision awarding judgment to the executors against the estate of the deceased partner in the sum of $633.57 and costs, based upon clerical errors found in the partnership audit; and Official Referee LAPHAM allowed to this respondent for counsel fees in said Supreme Court proceeding the sum of $200, and allowed $100 to the guardian ad litem for the infant, Kenneth Mass, and $230.25 costs to the respondent and said guardian ad litem jointly.

The resulting net gain to the estate by reason of said action was $333.57, subject, however, to estate expenditures allowed by this court during such litigation for records and briefs on appeal therein in the sum of $565.06. The latter amounted to a proper expenditure of estate funds for estate purposes and is not to be charged against the share of any legatee. Thus there was no net gain to the estate by reason of the Supreme Court action.

No appeal was taken from the decision of Official Referee LAPHAM granting allowances in the Supreme Court action, and respondent accepted that court's allowance for her counsel. The question of allowance is not, therefore, now open for this court to decide. Even if it were, however, there is no basis for granting an allowance to respondent's counsel herein.

As a rule services performed for a distributee or legatee must be compensated for by such client, and not paid out of the estate generally. (*Matter of Loomis,* 273 N. Y. 76; *Cowen* v. *Stine,* 275 App. Div. 915, affd. 300 N. Y. 698; *Matter of Sielcken,* 176

Misc. 235, affd. 263 App. Div. 866; *Matter of Ziegler,* 170 Misc. 748.) An exception to such rule is made where the estate fiduciary fails to perform services which he should do, and a distributee or legatee proceeds to perform the services, and does so successfully, resulting in gain to the estate. In such cases an allowance for counsel fees may be allowed for the services, measured in part by the benefit resulting to the estate. (*Matter of Lounsberry,* 226 App. Div. 291; *Matter of Graves,* 197 Misc. 638; *Matter of Geller,* 167 Misc. 578, 581; *Matter of Smith,* 167 Misc. 95; *Matter of Hirsch,* 154 Misc. 736.) If no benefit accrues to the estate by reason of the services, no allowance therefor to counsel may be made. (*Matter of Rosenberg,* 147 Misc. 517, 521, affd. 241 App. Div. 601, affd. 265 N. Y. 521; and see cases last above cited.) The analogous cases relied upon by the respondent relating to stockholders' actions follow the same rule, that the services must result in benefit to the corporation and be based thereon. (*Mason* v. *Richardson,* 289 N. Y. 541; *Earl* v. *Brewer,* 248 App. Div. 314, affd. 273 N. Y. 669; *New York Central R. R. Co.* v. *New York & Harlem R. R. Co.,* 193 Misc. 795, 797.)

Respondent can get no help from the decision in *Matter of Seppala* (149 Misc. 479) for the case at bar is not one in which the court has, directly or by implication, appointed respondent to act in lieu of the fiduciary. That case may be worthy of note later, however, in considering the allowance to the special guardian.

Allowances to the attorneys for the executors and to the special guardian will be fixed upon presentation of the decree herein.

Submit decree in accordance with this opinion.

Сіту оf New York, Plaintiff, *v.* Brooklyn Borough Gas Co., Defendant.

Supreme Court, Special Term, Kings County, June 1, 1951.