M. Henry Martuscello, J.
In this article 78 proceeding, petitioner, a director and vice-president of respondent corporation, moves for an order directing said respondent to pay peti *9 tioner’s attorneys a reasonable amount to be fixed by the court for their successful effort in obtaining a court order directing the respondent to submit its books for inspection by the petitioner.
It is the general rule that in the absence of contractual or statutory liability therefor, attorneys’ fees and expenses incurred in litigating a claim, aside from usual costs, are not recoverable as an item of damage either in that suit or in a suit subsequently brought (Miss Susan, Inc. v. Enterprise & Century Undergarment Co., 270 App. Div. 747, affd. 297 N. Y. 512).
It is also well established that a complainant in a successful stockholder’s derivative action is entitled to be reimbursed for reasonable expenses and attorney’s fees where a substantial benefit accrues to the corporation, or where officers or directors are made parties to any action, suit or proceeding and they have incurred such expenses in the defense of the action or proceeding (Neuberger v. Barrett, 180 Misc. 222; New York Cent. R. R. Co. v. New York & Harlem R. R. Co., 193 Misc. 795, revd. on other grounds 275 App. Div. 604, affd. 301 N. Y. 567; Matter of Mass, 201 Misc. 668).
The basis for the granting of such fees is statutory and stems from former section 61-a and its superseding sections 64r-67 of the General Corporation Law. Petitioner, however, contends that in instituting the proceeding for the inspection of the books in question, he acted for the benefit of the corporation and its stockholders towards whom he occupied the status of trustee or fiduciary. Accordingly, he argues that his right to the relief sought does not depend upon any statutory provision therefor, but is governed by the principle that persons acting in another’s right, as trustees and the like, are, upon a faithful execution of their trust, to be indemnified out of the trust property, for all expenses necessarily incurred in the faithful performance of their duties without regard to any statutes relating to costs, as was enunciated in Downing v. Marshall (37 N. Y. 380, 388). A similar contention was advanced and rejected in Bailey v. Bush Term. Co. (46 N. Y. S. 2d 877, affd. 267 App. Div. 899, affd. 293 N. Y. 734), where the court held that a director has no common-law right to reimbursement and in the absence of contract or statute cannot require the corporation to reimburse him for legal expenses incurred in his fiduciary capacity.
Apropos of expenses incurred in connection with securing an order for an inspection of corporate books, it is to be noted that the court, in Matter of Newmark v. C & C Super Corp. (3 A D 2d 823, affd. 3 N Y 2d 790), after granting such an order in an *10 article 78 proceeding, as a matter of right, imposed upon the director the expenses attendant upon such inspection.
The court, while sympathetic with the petitioner’s plight, is constrained to deny the motion as it does not fall within the ambit of the statute, contract or case law.